CLERK'S OFFICE U.S. DISTRICT. COURT
AT LYNCHBURG, VA
FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

SEP 0 7 2022

LAURA A AUSTIN CLERK
BY:
DEPUTY CLERK

**CRYSTAL VL RIVERS**

**Plaintiff**

v.                                          **Civil Action No. 6:2022-cv-00034**

**JOHN L WYNNE, et.al.**

**Defendants**

## EMERGENCY MOTION TO RECUSE THE HONORABLE ELIZABETH DILLON, and ALL 24TH CIRCUIT UNITED STATES DISTRICT COURT JUDGES, FROM FURTHER PARTICIPATION IN THIS MATTER

COMES NOW, Plaintiff, Crystal VL Rivers, Pro Se, in these matters, hereby respectfully moves this Court for an order, pursuant to 28 USC Sect. 455(a) & (b)(1) and the Code of Conduct for United States Judges, recusing the Honorable Elizabeth Dillon, United States District Judge, from further participation in these proceedings asking the Fourth Circuit to appoint a United States District Judge void of conflict of interest and bias as it relates to the matters investigated by Judge Dillons former associates and those matters pertaining to defendants named in this matter, specifically Mark Loftis, Principal Partner of the WoodRogers law firm and those matters relating to named defendant Woods Rogers being the former law firm of Judge Dillon.

### INTRODUCTION

1. Plaintiff raises the issue of recusal and disqualification with the upmost respect and high regard due to newly discovered facts and further investigation of the most recent,

1

undisclosed, withheld, egregious circumstances, giving rise to bias and conflict of interest tainting the pending matters . Immediate recusal is critical to the integrity of the case and the due process rights of the Plaintiff and victim in this matter and out of great concern in this unique and "complex" matter. Plaintiff further believes that Judge Dillon has a conflict of interest and a bias toward the Plaintiff and it is now apparent based on the facts known to Plaintiff at the time.

And moreover, Honorable Judge Dillon's conflict and bias are apparent and must divulge her conflict related to the list of defendants named in this matter, (1) Mark Loftis, Principal / Partner of Woodsrogers PLC; (2) her previous tenure with WoodsRogers law firm as Senior Attorney and her knowledge of (4) her former law clerk Justin E Simmons, Principal / Partner with Woodsrogers. Honorable Judge Dillon may find it hard to decide the issues for or against the defendants and/or the defendants they may represent.

2. Plaintiff requests the case be transferred out of Roanoke and Lynchburg Division because the Honorable Judge Elizabeth Dillon and Judge Thomas Cullen both have an affiliation with Woodrogers, PLC. Judge Dillon was a senior attorney for the firm and Judge Cullen was a principal with the firm. Woodsrogers Principal, Defendant Mark Loftis is also named in this matter. Judge Dillon allowed Woodrogers counsel to bring fraud on the Court in their false statements and improper representation of a non-party Bboys LLC in Crystal Rivers v USA 6:18-cv-00061 currently pending appeal. All of which have and will continue to have a lasting effect on the outcome of Plaintiff's case and must be corrected immediately.

2

3. Plaintiff moves the Court to consider both the present and potential conflicts that have and will continue to arise, resulting in the continued prejudice, bias and unfair treatment to Plaintiff making this matter ripe for complaint and appeal

Impartiality of this Court would raise doubts over fairness and the treatment of the Plaintiff in this matter.

4. The Principal Partners at WoodRogers and WoodsRogers have a material interest in the outcome of this case. At the same time, Judge Dillon, as a friend and collegue of the WoodsRogers partners including former partner, Judge Thomas Cullen, depending on his colleague Judge Dillon. Both Judges along with their former partners and collegues having a vested interest in this case in that it not having one appearance, or order of discovery issued, moreover not "seeing the light of day" up to the time he was confirmed and now presiding in the Western District as a United States District Court Judge.

5. Many of the allegations in this matter involve the same legal and factual issues being prosecuted by the United States Attorney in the ongoing criminal investigation, at all times relevant, including discovery, Plaintiff's claims, victim rights under the CVRA and restitution, testimony, future claims, successor and vicarious liability, and joinder of any party of interest, no matter their role as employee or attorney for the Government.

6. Judicial Code section 455(a), 28 USC Sect. 455(a), and Canon 2C of the Code of Conduct for the United States Judges (the Judicial Conduct Code) make clear that a Judge "shall disqualify himself", not only if the Judge is in fact not impartial, but also "if the Judges impartiality might reasonably be questioned." Judicial Code section 455(b)(1) and the Judicial Conduct Code additionally require a Judge to disqualify himself whenever

he has obtained extra-judicial knowledge of disputed evidentiary facts concerning the proceeding, whether directly or through his advisors. *See In re: Kensington International Limited and Springfield Associates,* No. 03-4212 and 03-4526 (Third Cir. 2003)

7. Judge Dillon, in the past, has allowed Woodrogers counsel for Beck and non-party Bboys and the Government, with Thomas Cullen being the US Attorney named in this matter, at all times relevant, to "take the law in their own hands" affecting Plaintiff's due process, Constitutional and CVRA rights. The conflicting interests have been raised by the Plaintiff and the newest discovered foregoing facts relating to Judge Cullen were discovered on April 6, 2021.

8. "[Public confidence in the judicial system mandates, at a minimum, the appearance of neutrality and impartiality in the administration of justice." *Alexander v Primerica Holdings Inc.,* 10 F3d 155, 157 (3rd Cir. 1993). "Whenever a judge's impartiality 'might reasonably be questioned' in a proceeding, 28 USC Sect. 455(a) commands the judge to disqualify himself *sua sponte* in that proceeding." Id., at 162. "[W]hether the district court judge actually harbors any bias against a party" is irrelevant …what matters is that the Court maintain its appearance of impartiality. *Id.* Moreover, under 28 USC Sect. 455(b)(1), the judge and his advisors are duty-bound "to avoid any contacts outside the record that might affect the outcome of the litigation." *Price Bros., Co. v Philadelphia Gear Crop.,* 629 F2d 444, 446 (6th Cir. 1980) (*citing Kensington*) and a judge must disqualify himself in the face of such contacts. In this matter the District Court Judge's advisors include the Attorney General and US Attorneys.

4

## JURISDICTION

9. This Court has accepted jurisdiction over this matter. Venue is proper. The United States of America is a defendant in this matter. The statutory predicate for the relief sought herein is Judicial Code Sect. 455(a) and (b)(1) and the Judicial Conduct Code.

## RELIEF SOUGHT

10. Plaintiff respectfully requests that the Court recuse the Elizabeth Dillon and all Judges in the 24th Circuit from participation in any further participation in any proceedings in connection with this matter, the ongoing criminal investigation and grand jury investigations being prosecuted by the US Attorneys in connection with the defendants and causes of action reported by the Plaintiff as a victim and/or by her as the Plaintiff. Order the pleadings submitted for filing and enjoined be docketed as of the date submitted. That any/all materials related to this case and Government's investigation related to the matters communicated to/by/for and between former US Attorney Thomas Cullen and the Judge Dillon, her advisors and law clerk Justin Simmons be provided to the Court under seal for future review under camera review within 72 hours from filing of this Motion. Plaintiff further moves the Court to stay all matters related to the case and render all previous Opinions and Orders be deemed "void". The relief sought is based on arguments set forth herewith, the arguments filed in this matter and upon such other evidence and argument as may be presented and heard by this Court. Pursuant to 28 U.S.C. §292(b), Plaintiff further requests that this Court order the investigation of this matter and Order the Government to provide the parties with the status of their investigation and the matter be reassigned to another District Court Judge

## BACKGROUND

11. The impartiality of the judges of this Court might reasonably be questioned by an objective observer given the totality of the circumstances that now give rise to this complex matter namely (i) the Judge Dillon was a senior attorney for Woodsrogers, (ii) Woodrogers Principal Partner attorney, Mark Loftis is named defendant and practices law for Woodsrogers in the Western and Eastern District, (iii) the Judge Cullen is a former principal of Woodsrogers and named in this matter as Defendant and was appointed as United States District Court Judge for the Western District of Roanoke September 2020 during the time of these matters, (iv) and Judge Dillon has failed to apply the Common laws of Virginia to matters related to Woodsrogers defendant Beck and non-party Bboys without providing clarification or legal basis. Plaintiff argues that conflict and bias exist and has filed Motion for recusal and discovery from all advisors of the Court on this matter (DE 556).

12. Pursuant to 28 U.S.C. §455(a), any judge or magistrate judge "shall disqualify himself in any proceeding in which his/her impartiality might reasonably he questioned." The standard under §455(a) is not subjective; it requires the Court to ask "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *McWhorter v City of Birmingham,* 906 F.2d 674, 678 (11th Cir.1990), (citation omitted). Thus under §455(a), "what matters is not the reality of bias or prejudice but its appearance," and "quite simply and quite universally, recusal is required whenever 'impartiality might reasonably be questioned." *Litely v United States,* 510 U.S. 540,548 (1994), (citation omitted). Close questions as to the appearance of impropriety are to be decided in favor of recusal. *See United States v Kelly,* 888 F.2d 732, 744 (11th Cir.1989)

13. An objective, disinterested, lay observer who is fully informed of the facts of this case would harbor significant doubt about the impartiality of any judge of this Court to adjudicate this unique, "complex" case. The disqualification of the judges of this Court is also required under 28 U.S.C §455(b)(4), which provides for mandatory disqualification

where a judge knows that he or she has any "interest that could be substantially affected by the outcome of the proceeding." Unlike disqualification under §455(a), disqualification pursuant to §455(b)(4) is required regardless of whether or not the judge's interest actually creates an appearance of impropriety. *See Liljeberg v health Servs. Acquisition Corp.,* 486 U.S. 847, 859 n.8 (1988).

14. The District Court Judges working with Judge Dillon and that presided over any grand jury investigations related to this matter which the former US Attorney Cullen prosecuted are subject to discovery as well as the grand jury materials presented. That poses a challenge to the professional and personal relationships that the Judges of this Court have with the defendants named within and warrants the disqualification of all of the Judges of this Court. *See Kelly,* 888 F.2d at 732 (trial judge improperly failed to recuse himself where a close personal friend was key defense witness); *United States v Gordon, et al.,* 354 F. Supp. 2d 524 (D. Del 2005) (finding disqualification of the whole court where another judge was likely to be a witness); *Shaw Group Inc. v Next Factors, Inc. (In re Shaw Group Inc.).* 2006 Bankr. LEXIS 1841 (Bankr. D. Del. 2006), (same). Given the cumulative effect of the relevant facts and the professional and personal interests that are at stake, this is precisely the kind of case where recusal of the entire Court is required.

## **ARGUMENT**

The Court must review the record, complete with new facts, and reach the following conclusions: First, a reasonable person, knowing all of the relevant circumstances, would conclude that Judge Cullen's impartiality might reasonably be questioned in this matter.

She must be disqualified under 28 U.S.C. § 455(a) from further presiding over these matters. *See Alexander v. Primerica Holdings, Inc.*, 10 F.3d 155, 162 (3d Cir. 1993) (*citing Owens Corning*) ("For purposes of § 455(a) disqualification, it does not matter whether the district court judge actually harbors any bias against a party or the party's counsel."). However, the test for disqualification under § 455(a) is not actual bias; it is the perception of bias. *Id.* Second, the motions for recusal are timely under 28 U.S.C. § 455(a).

*In re Kensington*, the Court described the parties, the allegations, the responses, the procedures, their standard of review, and standards for disqualification under 28 U.S.C. § 455(a) and (b)(1). *See Id., 353 F.3d at 214-22.* As a matter of historical interest, then-District Court Judge Sarokin was assisted in an action involving the Tobacco Industry by a Magistrate Judge and a Special Master. *See Haines v. Liggett Group Inc.,* 975 F.2d 81 (3d Cir. 1992) (*citing Kensington*).

Standard for Disqualification Under § 455(a) Whenever a judge's impartiality "might reasonably be questioned" in a judicial proceeding, 28 U.S.C. § 455(a) requires that the judge disqualify himself. The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned. *Alexander*, 10 F.3d at 164. "Under § 455(a), if a reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality under the applicable standard, then the judge must recuse." *In re Prudential Ins. Co. of America Sales Practices Litigation,* 148 F.3d 283, 343 (3d Cir. 1998) (internal quotations omitted); *see Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997) ("The standard for recusal is whether an

8

objective observer reasonably might question the judge's impartiality."). *Selkridge*, 360 F.3d at 167.

A party moving for disqualification under § 455(a) need not show actual bias because § 455(a) "concerns not only fairness to individual litigants, but, equally important, it concerns 'the public's confidence in the judiciary, which may be irreparably harmed if a case is allowed to proceed before a judge who appears to be tainted.'" *Alexander*, 10 F.3d at 162 (*quoting School Asbestos*, 977 F.2d at 776).

Plaintiff believes that the average layperson could grasp the alleged impropriety and, after being fully informed of all the surrounding circumstances, could draw a conclusion about Judge Dillan's ability to render a fair and impartial decision. With that, Plaintiff asks the Court not to depart from the traditional "man on the street" standard. *Id. Kensington*. *See Moran v. Clarke,* 296 F.3d 638, 648 (8th Cir. 2002) (using "average person on the street" standard); *Home Placement Serv., Inc. v. Providence Journal Co*., 739 F.2d 671, 676 (1st Cir. 1984) (same); *Potashnick v. Port City Constr. Co*., 609 F.2d 1101, 1111 (5th Cir. 1980) (citing same).

The Fourth Circuit Court of Appeals found that the hypothetical reasonable person under § 455(a) must be someone outside the judicial system because judicial insiders, "accustomed to the process of dispassionate decision making and keenly aware of their Constitutional and ethical obligations to decide matters solely on the merits, may regard asserted conflicts to be more innocuous than an outsider would." *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998); *see also United States v. Jordan*, 49 F.3d 152, 156-57 (5th Cir. 1995) (remarking that average person on street "is less likely to

credit judges' impartiality than the judiciary"); *In re Mason*, 916 F.2d 384, 386 (7th Cir. 1990) (noting that lay observer is less inclined to presume judge's impartiality than members of judiciary). The Court must consider that the appearance of impropriety must be viewed from the perspective of the objective, reasonable layperson, who is not necessarily familiar with these matters.

Plaintiff believes that Judge Cullen will rendered a number of rulings favorable to the defendants, decide the matter on the pleadings, dismiss the case without any appearances or discovery based on her previous tenure with Woodrogers, her friendship with Judge Cullen and Magistrate Judge and because of the close reasonable friendship with her former law clerk, Justin Simmons who ultimately became a Principal Partner with Woodsrogers -and - with the US Attorney, Thomas Cullen who was ultimately appointed as District Court Judge for the Western District Roanoke.

## CONCLUSION

For the foregoing reasons, Plaintiff repleads her above relief sought respectfully, and moreover requests that the Court immediately disqualify and order the recusal of Judge Dillon and all Judge presiding in the 24th District from participation in any further participation in any proceedings in connection with this matter, the ongoing criminal investigation and grand jury investigation in connection with the defendants and causes of action reported and/or pled also in this matter by the Plaintiff.

That any and all materials related to this case and Government's investigation related to the matters communicated to/by/for and between Judge Dillon, her advisors,

WoodsRogers associates and partners, including her former law clerk Justin Simmons not be destroyed and made available for discovery.

Stay all matters related to the case and render all previous Opinions and Orders be deemed "void". The relief sought is based on arguments set forth above, the previous arguments filed in this matter, and upon such other evidence and argument as may be presented to this Court. Pursuant to 28 U.S.C. §292(b), Plaintiff further requests that this Chief Judge order the investigation of this matter and reassign the matter to another District Court Judge

RESPECTFULLY SUBMITTED on this the 7th day of September, 2022.

Crystal VL Rivers, Pro Se
3831 Old Forest Rd, Suite #6
Lynchburg, VA 24501
434-818-2921
riversparalegalservices@gmail.com

11