IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
8/14/2023
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
        DEPUTY CLERK

| | |
|---|---|
| CRYSTAL VL RIVERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 6:22-cv-00034 |
| ) | |
| JOHN WYNNE, *et al.*, ) | By: Elizabeth K. Dillon |
| ) | United States District Judge |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Crystal VL Rivers moves for the undersigned to recuse herself from this matter. (Dkt. No. 12.) This motion will be denied for the following reasons.[1]

Plaintiff moves for recusal pursuant to 28 U.S.C. § 455(a) and 28 U.S.C. § 455(b)(1). Pursuant to 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The Fourth Circuit has stated that the test is objective, requiring a judge to "disqualify himself whenever his 'impartiality might reasonably be questioned.'" *United States v. Cherry*, 330 F.3d 423, 433 (4th Cir. 2011) (quoting *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987)). The proper inquiry is "whether the judge's impartiality might be questioned by a reasonable, well-informed observer who assesses all the facts and circumstances." *Newport News Holding Corp. v. Virtual City Vision, Inc.*, 650 F.3d 423, 433 (4th Cir. 2011) (citing *United States v. DeTemple*, 162 F.3d 279, 286 (4th Cir. 1998)). Absent extraordinary circumstances, "a nonjudicial source must be present to raise the appearance of impropriety." *United States v. Morris*, 988 F.2d 1335, 1337 (4th Cir. 1993).

---

[1] Plaintiff further moves to recuse all "24th Circuit United States District Court Judges." The court assumes that plaintiff is referencing the Commonwealth of Virginia's Circuit and District 24, which includes state courts in Lynchburg. There is no 24th Circuit of United States District Judges. Regardless, because the court is denying plaintiff's motion to recuse the undersigned, it is not necessary to address this broader recusal request.

Simply put, "[t]he nature of the judge's bias must be personal and not judicial." *Beard*, 811 F.2d at 827.  Moreover, a reasonable observer "is not a person unduly suspicious or concerned about a trivial risk that a judge may be biased." *DeTemple*, 162 F.3d at 287.  "A presiding judge is not, however, required to recuse himself because of unsupported, irrational, or highly tenuous speculation" or because a judge "possesses some tangential relationship to the proceedings." *Cherry*, 330 F.3d at 665.

Section 455(b) provides a list of situations requiring recusal, including where a judge "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1).  Like § 455(a), "§ 455(b)(1) carries an 'extrajudicial source limitation' . . . under which bias or prejudice must, as a general matter, stem from 'a source outside the judicial proceeding at hand' in order to disqualify a judge." *Belue v. Leventhal*, 640 F.3d 567, 572 (4th Cir. 2011) (quoting *Liteky v. United States*, 510 U.S. 545 (1994)).  In applying the extrajudicial source limitation, the Supreme Court has recognized that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555.  Without more, such rulings alone "cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." *Id.*

Plaintiff argues that the undersigned should recuse in this matter because one of the defendants is an attorney at the Woods Rogers law firm, where the undersigned previously worked; one of the undersigned's former law clerks is an attorney at Woods Rogers; and the undersigned "allowed Woodsrogers counsel to bring fraud on the Court in their false statements and improper representation of a non-party Bboys LLC" in a separate lawsuit, *Rivers v. USA*, 6:18-cv-00061 (the '61 case), currently pending on appeal (Dkt. No. 12 at 2).  Plaintiff writes that the undersigned may find it hard to decide issues against the defendants, or the defendants

2

they represent, because Woods Rogers has a material interest in the outcome of this case. Plaintiff also references United States District Judge Thomas Cullen, who also worked for Woods Rogers, and his involvement in the '61 case when he was United States Attorney, but the court is unclear how that is relevant to this proceeding.

The undersigned's impartiality would not be questioned by a reasonable, well-informed observer due to the undersigned's previous work with a law firm that is appearing before the court either as a defendant or as counsel for a party. *See, e.g.*, *McLemore v. Walmart Inc. LLC Texas Stores*, Civil Action No. 4:18-CV-689, 2020 WL 13608203, at *1 (E.D. Tex. May 21, 2020) (denying motion to recuse based on judge's previous work as counsel for defendant). This is especially so because it has been well over twenty years since the undersigned worked at the Woods Rogers law firm. It would also not be reasonable to question the court's impartiality based on the mere employment of the undersigned's former law clerk at that law firm.[2] Moreover, as the above-cited case law makes clear, the court's previous rulings in the '61 case provide no justifiable basis for recusal.

For these reasons, plaintiff's motion for recusal (Dkt. No. 12) is DENIED.

Entered: August 14, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

---

[2] This individual has not made an appearance in this litigation, but the court notes that the appearance of a former law clerk before a judge does not ordinarily require recusal under § 455(a). *See In re Murrell*, Bankruptcy No. 13-32400, 2014 WL 1675753, at *5 (Bankr. W.D.N.C. Apr. 28, 2014). "It is common knowledge in the profession that former law clerks practice regularly before judges for whom they once clerked." *In re Martinez-Catala*, 129 F.3d 213, 221 (1st Cir. 1997).