CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
8/17/2023
LAURA A. AUSTIN, CLERK
BY: s/ CARMEN AMOS
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | | |
|---|---|---|
| CRYSTAL VL RIVERS,<br>Plaintiff, | ) | Civil Action No. 6:22-cv-00034 |
| v. | ) | REPORT & RECOMMENDATION |
| JOHN WYNNE, et al.,<br>Defendants. | ) | By: Joel C. Hoppe<br>United States Magistrate Judge |

Plaintiff Crystal VL Rivers, appearing pro se, is suing dozens of private individuals and entities who have allegedly wronged her or her closely held business, CVLR Performance Horses ("CVLR"), over the past fifteen years. Am. Compl., ECF No. 3. The matter is now before me on Rule 12(b)(6) motions to dismiss filed by Defendant Bank of the James, ECF No. 38, and by Defendants Select Bank, Select Bank Financial Corporation, J. Michael Thomas, Walter G. Mason, Robert Beach, Sherri Sackett, Peter Sackett, and Luck Sackett, ECF No. 81. The motions have been fully briefed, ECF Nos. 38, 39, 82, 100, 109, 114, and can be resolved without a hearing. I respectfully recommend that the presiding District Judge grant the motions, ECF Nos. 38, 81, and dismiss Rivers's claims against these Defendants with prejudice under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I. Standard of Review

A Rule 12(b)(6) motion to dismiss challenges whether a complaint sets out a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). To get past the pleading stage, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* A court resolving a Rule 12(b)(6) motion "must consider the complaint in its entirety," *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007), "accepting as true all well-pleaded allegations . . . and drawing all reasonable factual inferences in the plaintiff's favor," *Belmora LLC v. Bayer Consumer Care AG*, 819 F.3d 697, 705 (4th Cir. 2016). Legal conclusions or labels, "formulaic recitation[s] of the elements of a cause of action," and "naked assertions devoid of further factual enhancement," *Iqbal*, 556 U.S. at 678, "are not entitled to the assumption of truth," but they "can provide the framework of a complaint," *id.* at 679. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief" under the governing law.[1] *Id.* at 679; *see Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002) ("Dismissal of a complaint for failure to state facts supporting each of the elements of a claim is, of course, proper.").

A Rule 12(b)(6) motion typically is not the proper vehicle to raise an affirmative defense, such as an assertion that a claim is barred by res judicata or an expired statute of limitations. *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc) (citing Fed. R. Civ. P. 8(c)); *Richmond, Fredericksburg & Potomac R.R. Co. v. Frost*, 4 F.3d 244, 250 (4th Cir. 1993).

[1] Because Rivers is a lay person representing herself, she enjoys "the benefit of a liberally construed complaint," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), that "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Of course, she is not excused from following basic procedural rules and pleading standards. *Beaudett*, 775 F.2d at 1278. Rivers "requires no special legal training to recount the facts surrounding [her] alleged injury, and [s]he must provide such facts if the court is to determine whether" her pleading "makes out a claim on which relief can be granted" against each Defendant. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Bryant v. Wash. Mut. Bank*, 524 F. Supp. 2d 753, 756 (W.D. Va. 2007). And, just as "'courts cannot be expected to construct full blown claims out of sentence fragments'" when construing a pro se complaint, they also "recognize that a plaintiff can plead [her]self out of court by pleading facts that show [s]he has no legal claim." *Schreiber v. Dunabin*, 938 F. Supp. 2d 587, 594–95 (E.D. Va. 2013) (quoting *Beaudett*, 775 F.2d at 1278) (other quotation marks omitted); *see Liggins v. G.A. & F.C. Wagman, Inc.*, No. 5:18cv38, 2019 WL 4046563, at *1 (W.D. Va. May 22, 2019), *adopted by* 2019 WL 4039635 (W.D. Va. Aug. 27, 2019) (Dillon, J.).

Nevertheless, a court may address the merits of an affirmative defense "if all facts necessary to the affirmative defense clearly appear on the face of the complaint," *Goodman*, 494 F.3d at 464 (brackets and emphasis omitted), and "the defense raises no disputed issue of fact," *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000). *See Performance Plumbing, Inc. v. Atl. Heating & Cooling Serv., Inc.*, No. 2:16cv649, 2017 WL 11508383, at *1–2 (E.D. Va. June 19, 2017); *United States ex rel. Palmieri v. Alpharma, Inc.*, 928 F. Supp. 2d 840, 853 (D. Md. 2013). The court may also take judicial notice of undisputed facts from other court proceedings. *Andrews*, 201 F.3d at 524 n.1.

## II. Background

This case is the latest in a long line of lawsuits "aris[ing] out of business dealings and financial transactions between" Rivers, her companies, and "various business entities and individuals." *CVLR Performance Horses, Inc. v. Wynne*, 852 F. Supp. 2d 705, 708 (W.D. Va. 2012). Rivers filed this action on June 9, 2022, Compl., ECF No. 1, and amended her complaint later that month, Am. Compl., ECF No. 3. Her Amended Complaint is 115 pages long, excluding the exhibits; names thirty-five private individuals, banks, and law firms as defendants; and contains thirteen counts[2] asserting claims under the federal RICO Act, 18 U.S.C.§§ 1962–1964, as well as for breach of contract, civil conspiracy, fraudulent conveyance, common-law fraud, and tortious business interference under Virginia law. *See* Am. Compl. ¶¶ 6–41, 57–578.

The Court has seen this pleading before—it is an abridged version of Rivers's *proposed third* amended complaint in *Rivers v. United States (Bowman)*, No. 6:18cv61 (W.D. Va. Oct. 19, 2020), ECF No. 485-1.[3] Rivers also asserted many of these claims against most of the named

[2] Rivers labeled these Counts 1–8 and Counts 10–14. There is no Count 9. I use her original numbering.

[3] The similarities are obvious. *E.g.*, *compare* Am. Compl. ¶¶ 56–160 (Count 1, civil RICO), *with* Prop. 3d Am. Compl. ¶¶ 153–258 (Count 3, civil RICO); Am. Compl. ¶¶ 161–256 (Count 2, RICO conspiracy),

defendants in her *second* amended complaint in *Bowman*. Show Cause Order 2–3 & n.3, 5–8 & n.4, 10–11, ECF No. 4; *see generally* R. & R. of Nov. 10, 2020, at 2–26, 46–58, *Bowman*, ECF No. 497, *adopted in relevant part*, Am. Mem. Op. & Am. Order of Feb. 21, 2021, *Bowman*, ECF Nos. 531, 532.[4]

By March 2021, "[a]ll of Rivers' claims in her Second Amended Complaint ha[d] been dismissed" by the Honorable Elizabeth K. Dillon, presiding United States District Judge. Mem. Op. of Sept. 9, 2021, at 21 n.2, *Bowman*, ECF No. 565; *see* Order of Mar. 24, 2020, *Bowman*, ECF No. 373; Am. Order of Feb. 3, 2021, *Bowman*, ECF No. 532, *appeal dismissed*, ECF Nos. 557, 558 (4th Cir. May 17, 2021). Judge Dillon dismissed Rivers's claims against most defendants under Rule 12(b)(6), either because her claims were clearly barred by res judicata or because the facts alleged did not state a plausible claim for relief against that defendant. *See generally* R. & R. of Nov. 10, 2020, at 37–45 (res judicata), 46–58 (insufficient facts), *adopted in relevant part*, Am. Order of Feb. 3, 2021; Mem. Op. of Mar. 24, 2020, at 5 (insufficient facts),

---

*with* Prop. 3d Am. Compl. ¶¶ 266–359 (Count 5, RICO conspiracy); Am. Compl. ¶¶ 257–339 (Count 3, civil RICO), *with* Prop. 3d Am. Compl. ¶¶ 362–452 (Count 8, civil RICO); Am. Compl. ¶¶ 358–81 (Count 5, fraudulent conveyance), *with* Prop. 3d Am. Compl. ¶¶ 471–507 (Count 12, fraudulent conveyance); Am. Compl. ¶¶ 466–69 (Count 10, civil conspiracy), *with* Prop. 3d Am. Compl. ¶¶ 666–70 (Count 25, civil conspiracy); Am. Compl. ¶¶ 498–557 (Count 12, RICO conspiracy), *with* Prop. 3d Am. Compl. ¶¶ 699–777 (Count 27, RICO conspiracy); Am. Compl. ¶¶ 558–61 (Count 13, civil conspiracy), *with* Prop. 3d Am. Compl. ¶¶ 778–81 (Count 28, civil conspiracy); Am. Compl. ¶¶ 562–57 (Count 14, tortious business interference), *with* Prop. 3d Am. Compl. ¶¶ 782–807 (Count 29, tortious business interference); Mem. Op. of Sept. 9, 2021, *Bowman*, ECF No. 565, at 19 (citing Prop. 3d Am. Compl. ¶ 94), *with* Am. Compl. ¶ 442. The main differences between the two pleadings are that the amended complaint, ECF No. 3, is missing most of the relevant factual background alleged in the proposed third amended complaint, *compare* Am. Compl. ¶¶ 42–55 ("Scope of the Case"), *with* Prop. 3d Am. Compl. ¶¶ 57–140 (same); names about one-half the number of defendants, Am. Compl. ¶¶ 16–41; Prop. 3d Am. Compl. ¶¶ 13–59; omits all counts against government defendants; and makes some changes to the reasserted counts against private defendants, *e.g.*, Am. Compl. ¶¶ 373, 573. *See generally* Mem. Op. of Sept. 9, 2021, at 7–21, *Bowman*, ECF No. 565. Any material differences will be discussed below.

[4] Westlaw and Lexis Nexis each host roughly 30 unique court-issued documents from *Bowman*. For simplicity's sake, I cite directly to documents filed on the electronic docket in *Rivers v. United States (Bowman)*, No. 6:18cv61-EKD-JCH (W.D. Va.).

ECF No. 372. The barred claims were dismissed *with* prejudice because Rivers could not "plead herself around this insuperable" obstacle. Mem. Op. of Sept. 9, 2021, at 9. The "insufficiently pled" claims, on the other hand, were dismissed *without* prejudice because Rivers had "never [made] a previous amendment that failed to cure" her insufficient allegations against those defendants. Mem. Op. of Mar. 24, 2020, at 5–6.

Rivers then tried to revive those claims (and add others) against the same defendants in her proposed third amended complaint, ECF No. 485-1. In September 2021, Judge Dillon denied Rivers's motion for leave to file her proposed third amended complaint *with prejudice* to refiling whatever claims that pleading asserted, Order & Final J. ¶¶ 4, 9, ECF No. 566, and entered "final judgment dismissing th[e] case with prejudice," Mem. Op. of Sept. 9, 2021, at 21 n.2. *See* Order & Final J. ¶¶ 4, 9. Judge Dillon explained in detail why Rivers's proposed amendment was futile, Mem. Op. of Sept. 9, 2021, at 7–9 (citing Fed. R. Civ. P. 12(b)(6)), and why the named parties "would be severely prejudiced" if forced to keep "defend[ing] themselves against Rivers' convoluted and innumerable claims," *id.* at 9. *See generally id.* at 7–21. In early November, Rivers filed a Rule 60(b) motion to reconsider that order, "claim[ing] to have uncovered new predicate acts that are 'of a different type' than those described in the complaint and dismissed by the court." *See* Mem. Op. & Order of Dec. 8, 2021, at 2, *Bowman*, ECF No. 582. Judge Dillon denied that request, specifically "find[ing] that the opposing parties will suffer unfair prejudice if this frivolous lawsuit is revived after the entry of judgment." *Id.*

Undeterred, Rivers filed this new action, *Rivers v. Wynne*, 6:22cv34, in June 2022.[5] As in her prior cases, Rivers's "amended complaint does not lend itself to a concise summary." *CVLR*

[5] Rivers's appeal in *Bowman* was pending before the U.S. Court of Appeals for the Fourth Circuit at that time. In May 2023, the Fourth Circuit issued a short per curiam opinion summarily affirming the final

*Performance Horses*, 852 F. Supp. 2d at 709. "Each count incorporates by reference all of the [Amended] Complaint's preceding allegations," *Negron-Bennett v. McCandless*, No. 1:13cv387, 2013 WL 3873659, at *4 (E.D. Va. July 24, 2013), "totaling more than more than 500 paragraphs by the time one reaches the final count," R. & R. of Feb. 26, 2020, at 4, *Bowman*, ECF No. 346. *See, e.g.*, Am. Compl. ¶¶ 56, 161, 358, 558, 562 (Counts 1, 2, 5, 13 & 14).[6] To the extent Rivers makes any effort "to match the factual allegations to legal claims, [she does] so in a way that forces the reader to cross-reference the factual background [in prior Counts] and wade indeterminately through the morass of superfluous detail." *North Carolina v. McGuirt*, 114 F. App'x 555, 558–59 (4th Cir. 2004). Sooner or later, "the reader discovers that most of the cross-referenced facts do not support any legal theory or claim." *Id.* at 559 (citing Fed. R. Civ. P. 8(a)).

The Court explained all this in *Bowman*. *See, e.g.*, Mem. Op. of Sept. 9, 2021, at 7–9, 11–12, 21; R. & R. of Nov. 10, 2020, at 46–58; R. & R. of Feb. 26, 2020, at 4–5, 8–17, 20–21, 26–35. Nonetheless, Rivers appears to frame the "Scope of th[is] Case" as an effort to revive that case:

> Since the defendants were *dismissed with prejudice*, newly discovered evidence has been obtained by Rivers that was intentionally kept from her and was not able to be obtained by her or occurred afterward. New circumstances have also occurred creating ripe and instant Federal and State claims, tying the State and ongoing RICO claims together. The Discovery Rule applies in situations where and/if Rivers (a) actually discovered or learned of after the *dismissals with prejudice* or could not have discovered/learned of the evidence or facts until then and/or (b) Rivers did not

---

judgment and challenged orders, including Judge Dillon's order denying Rivers's motion "to file a third amended complaint," ECF No. 594 (4th Cir. May 9, 2023).

[6] Count 7 and Count 11 even purport to incorporate allegations and claims that Rivers included in her proposed third amended complaint in *Bowman*, 6:18cv61, but omitted from her amended complaint in this case. *Compare, e.g.*, Am. Compl. ¶ 431 (Count 7) ("Rivers incorporates the facts . . . contained in all previous allegations in Counts Three *and Twenty* as if fully set forth in paragraphs herein." (emphasis added)) *and* Am. Compl. ¶ 470 (Count 11) ("Rivers incorporates . . . Count *Twenty Four* and states her claims and facts contained in Count Eight and all previous allegations as if fully set forth in paragraphs herein." (emphasis added)), *with* Prop. 3d Am. Compl. ¶¶ 617–22, 637–66 (proposed Counts 20 and 24) *Bowman*, ECF No. 485-1.

> know and could not have known about the evidence (the truth and facts) until she received that with was intentionally kept from her, for whatever reason; meaning after the statute of limitations would normally start running after the event.

Am. Compl. ¶¶ 54–56 (emphasis added).[7] In *Bowman*, Judge Dillon denied Rivers's motion for leave to file her proposed third amended complaint with prejudice and dismissed her claims (also with prejudice) on September 9, 2021. In her Amended Complaint, Rivers says repeatedly that she has "new evidence" or "newly discovered" facts to support some or all of those claims. *See, e.g.*, *id.* ¶¶ 42–43, 54, 99–100, 160, 188, 202, 226, 259–60, 279–80, 342–43, 456, 471, 500–01. But, most of these "new" facts were also alleged in *Bowman*, and Judge Dillon has already held (at least twice) that they did not state a plausible claim for relief against any defendant in that case. *E.g.*, *compare* Am. Compl. ¶¶ 358–82 (Count 5, facts alleging defendants fraudulently conveyed "optioned lots"), *with* R. & R. of Nov. 10, 2020, at 13, 18–19, 54–55 (summarizing the same allegations, and recommending dismissal under Rule 12(b)(6)); Am. Compl. ¶¶ 267, 442–59 (facts relating to 2007 Mercedes Benz), *with* Prop. 3d. Am. Compl. ¶¶ 94, 374 (same), *and* Mem. Op. of Sept. 9, 2021, at 19 (quoting Prop. 3d Am. Compl. ¶ 94). Rivers never clearly identifies any "new evidence" she supposedly found after September 2021. *See* Mem. Op. & Order of Dec. 8, 2021, at 2.

*

Defendants Bank of the James, Select Bank, Select Bank Financial Corporation, J. Michael Thomas, Walter G. Mason, Robert Beach, Sherri Sackett, Peter Sackett, and Luck Sackett have moved to dismiss the Amended Complaint with prejudice under Rule 12(b)(6). ECF Nos. 38, 81. They argue that Rivers's claims against them in this case are barred by res judicata

[7] Unless otherwise noted, text quoted from documents filed by Rivers in this case appears exactly as it does in the original source.

because Judge Dillon's final judgment and order in *Bowman*, ECF No. 566 (Sept. 9, 2021), expressly dismissed those same claims with prejudice. *See* ECF No. 38, at 1–3, ECF No. 82, at 1–4. Alternatively, Bank of the James argues that Rivers's conclusory allegations do not state a plausible claim for relief against it. *See generally* ECF No. 39, at 2–21. The other defendants argue that Rivers's claims are time-barred by the applicable statute of limitations. *See generally* ECF No. 82, at 4–7. Rivers opposes the motions. ECF No. 100, 109.

## III. Discussion

### *A. Res Judicata*

"The preclusive effect of a federal-court judgment is determined by federal common law." *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). For judgments on federal law claims—for example, Rivers's RICO claims in *Bowman*—courts "apply federal res judicata principles to determine the preclusive effect of [the] prior judgment." *Belmont Partners, LLC v. Mina Mar Grp., Inc.*, 741 F. Supp. 2d 743, 750 n.4 (W.D. Va. 2010) (citing *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 324 n.12 (1971)). "Under the federal doctrine of res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Nathan v. Takeda Pharms. Am., Inc.*, 546 F. App'x 176, 178 (4th Cir. 2013) (per curiam) (citing *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004)). "A party invoking res judicata must establish three elements: (1) a previous final judgment on the merits, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits." *Id.* (citing *Union Carbide Corp. v. Richards*, 721 F.3d 307, 314 (4th Cir. 2013)). "Identity of the cause of action exists if two claims arise out of the same transaction or series of transactions or the same core of operative facts, and 'typically it is a new factual development that gives rise to a fresh cause of

action.'" *Id.* (quoting *Union Carbide Corp.*, 721 F.3d at 314–15); *see also SAS Inst., Inc. v. World Programming Ltd.*, 874 F.3d 370, 378 (4th Cir. 2017) (noting that the federal res judicata doctrine is based on a "transactional" framework where the court "ask[s] whether the claim presented in the new litigation arises out of the same transaction or series of transactions as the claim resolved by the prior judgment and whether the claims could have been brought in the earlier action."). "Privity between parties exists when the interests of one party are so identified with the interests of another that representation by one party is representation of the other's legal right." *Nathan*, 546 F. App'x at 178 (citing *Weinberger v. Tucker*, 510 F.3d 486, 491 (4th Cir. 2007)).

For federal-court judgments on state law claims based on supplemental jurisdiction—for example, Rivers's various tort claims in *Bowman*—courts apply the law of the state where the federal court sat, "unless the state preclusion law is incompatible with federal interests." *Hately v. Watts*, 917 F.3d 770, 777 (4th Cir. 2019) (citing *Semtek Int'l v. Lockheed Martin Corp.*, 531 U.S. 497, 506–09 (2001)). "In Virginia, the doctrine of res judicata operates to bar claims already adjudicated on the merits, as well as 'any claim that could have been brought in conjunction with a prior claim, where the claim sought to be barred arose out of the same conduct, transaction, or occurrence as the previously litigated claim.'" R. & R. of Nov. 10, 2020, at 38 (quoting *Martin-Bangura v. Va. Dep't of Mental Health*, 640 F. Supp. 2d 729, 738 (E.D. Va. 2009) (citing Va. Sup. Ct. R. 1:6(a) (2006))). A party invoking res judicata under Virginia law must establish the same three elements as a party invoking that defense under federal law. *See, e.g.*, *Columbia Gas Transmission, LLC v. David N. Martin Revocable Tr.*, 833 F. Supp. 2d 552, 558 (E.D. Va. 2011) (outlining Virginia's three-part standard). Thus, Virginia's law on "res judicata is not

incompatible with any federal interests in this case." *Q Int'l Courier, Inc. v. Smoak*, 441 F.3d 214, 218 n.1 (4th Cir. 2006).

*1. Claims against Luck Sackett & Walter Mason*

The final judgment in *Bowman* does not bar Rivers's claims against Luck Sackett because Luck was never a named defendant to that action. *See* Defs.' Reply 1, ECF No. 114; *cf. Columbia Gas*, 833 F. Supp. 2d at 559–60 (finding nothing in the summary judgment record suggesting that defendants in prior action "could have asserted any of the [moving] defendants' legal rights in their [prior] lawsuit"). Rivers did name Walter Mason as a defendant in *Bowman*, R. & R. of Nov. 10, 2020, at 6 n.8, but he was dismissed *without* prejudice under Rule 4(m) before Judge Dillon entered final judgment, Am. Order of Feb. 3, 2021, at 4 ¶ 29, ECF No. 532. Mason's dismissal under Rule 4(m) was "not a ruling on the merits of the claims in the [prior] complaint." *Cf. Kyser v. Edwards*, No. 2:16cv5006, 2017 WL 924249, at *3 (S.D. W. Va. Feb. 9, 2017) (citing Fed. R. Civ. P. 12(b)(4), (b)(5)), *adopted in relevant part*, 2017 WL 891293, at *1 (S.D. W. Va. Mar. 6, 2017). Thus, the *Bowman* judgment does not bar Rivers's claims against him. *See* Defs.' Reply 1 (conceding the same).

*2. Claims against the* Bowman *Defendants*

Bank of the James is a defendant to five counts in this case: **Count 2** (RICO conspiracy), Am. Compl. ¶¶ 161–255; **Count 7** ("Respondent Superior"), *id.* ¶¶ 431–34; **Count 10** (civil conspiracy), *id.* ¶¶ 466–69; **Count 13** (civil conspiracy), *id.* ¶¶ 558–61; and **Count 14** ("Tort[i]ous Business Interference VA Code §§ 18.2-499, 500"), *id.* ¶¶ 562–78. Select Bank and Select Financial Corporation are defendants to **Count 1** (civil RICO), *id.* ¶¶ 56–160, Count 2, Count 7, Count 10, and Count 14. J. Michael Thomas and Ronald Beach are defendants to Count

1, Count 2, Count 10, **Count 12** (RICO conspiracy), *id.* ¶¶ 498–557, Count 13, and Count 14. Peter Sackett and Sherri Sackett are defendants to Count 1, Count 2, Count 10, and Count 14.

Each of these counts relates to (at least) one of two transactions that were also at issue in *Bowman*: (1) financial transactions allegedly intended to hide "a sham foreclosure" on Karen Foster's home, which Rivers did not own, *see, e.g.*, *id.* ¶¶ 57–61, 67, 84 (Count 1); and (2) the sales of a riding center and several "optioned lots" in two subdivisions, which Rivers believes are "under contract with [her] to purchase," *see, e.g.*, *id.* ¶¶ 566, 568, 570 (Count 14). *See generally* R. & R. of Feb. 26, 2020, at 16–17, 30–35 (summarizing alleged facts and claims related to Karen Foster's home); R. & R. of Nov. 10, 2020, at 12–19, 49–55 (summarizing alleged facts and claims related to the riding center and optioned lots). The "Scope of the Case" references both events. Am. Compl. ¶¶ 42–43.

Count 1—the civil RICO claim against each moving defendant except Bank of the James—essentially combines the two civil RICO claims that Rivers asserted against these defendants (plus Bank of the James) in her second amended complaint. *Compare* Am. Compl ¶¶ 57–160 (Count 1), *with* Second Am. Compl. ¶¶ 204–17, 226–54 (Count 3, Count 5); *see generally* R. & R. of Feb. 26, 2020, at 26–35 (Count 3); R. & R of Nov. 10, 2020, at 46–53 (both). Rivers's RICO claim(s) against Bank of the James, Sherri Sackett, Select Bank, Thomas, and Beach were dismissed under Rule 12(b)(6) because her factual allegations did not support a reasonable inference that any Defendant was involved in directing a RICO enterprise. *See* R. & R. of Feb. 26, 2020, at 32–34 (Bank of the James & Sherri Sackett), *adopted in relevant part* Mem. Op. of Mar. 24, 2020, at 5–6; R. & R of Nov. 10, 2020, at 52–53 (Select Bank, Thomas & Beach), *adopted*, Am. Order of Feb. 3, 2021, at 3 ¶¶ 23–24. Her RICO claim against Peter Sackett was dismissed under Rule 12(b)(6) because her "factual allegations [did] not link Peter's

actions to the specific conduct that RICO prohibits." R. & R. of Feb. 26, 2020, at 34–35 (quotation marks omitted), *adopted in relevant part* Mem. Op. of Mar. 24, 2020, at 5–6. Rivers's second amended complaint in *Bowman* did not include a RICO conspiracy claim, 18 U.S.C. § 1962(d), and she did not name any of these defendants to her various state-law claims. *See* R. & R. of Feb. 26, 2020, at 6–8.

Initially, Judge Dillon dismissed the civil RICO claims *without prejudice* because Rivers had "never [made] a previous amendment that failed to cure" her insufficient factual allegations against these defendants. Mem. Op. of Mar. 24, 2020, at 5–6; *accord* R. & R of Nov. 10, 2020, at 52–53 (citing Mem. Op. of Mar. 24, 2020, at 5–6). "Dismissals without prejudice do not bar subsequent suits by res judicata." *Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d 469, 473 (4th Cir. 1993). Instead, they give plaintiffs a chance to "return[] later, to the same court, with the same underlying claim." *Semteck Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001). In *Bowman*, Rivers did that by seeking leave to amend her complaint for (at least) the fourth time, ECF No. 485. Fed. R. Civ. P. 15(a)(2). Her proposed third amended complaint reasserted the two civil RICO claims that Judge Dillon had dismissed without prejudice, *see* Prop. 3d Am. Compl. ¶¶ 153–258, 362–452 (Count 3, Count 8), but it did not cure their insufficient factual allegations, *see* Mem. Op. of Sept. 9, 2021, at 7–9, 21 & n.2. Her proposed pleading also added four conspiracy claims, *see* Prop. 3d Am. Compl. ¶¶ 266–359, 666–70, 699–777, 778–81 (Count 5, Count 25, Count 27, Count 28); two claims labeled "Respondent Superior," *id.* ¶¶ 623–26, 633–36 (Count 21, Count 23); and one claim ostensibly alleging tortious business interference, *see id.* ¶¶ 782–807 (Count 29). Bank of the James, Peter Sackett, Sherri Sackett, Select Bank/Select Financial Corporation, Thomas, and/or Beach were named as defendants to several of those proposed claims. *See id.* at 50, 74, 154–55, 160, 181.

In September 2021, Judge Dillon denied Rivers's motion for leave to file her proposed third amended complaint *with prejudice*, Order & Final J. ¶¶ 4, 9, ECF No. 566, and entered "final judgment dismissing th[e] case with prejudice," Mem. Op. of Sept. 9, 2021, at 21 n.2. *See* Order & Final J. ¶¶ 4, 9. Judge Dillon explained in detail why Rivers's proposed amendment was futile, Mem. Op. of Sept. 9, 2021, at 7–9 (citing Fed. R. Civ. P. 12(b)(6)), and why the named parties "would be severely prejudiced" if forced to keep "defend[ing] themselves against Rivers' convoluted and innumerable claims," *id.* at 9. *See generally id.* at 7–21. Rivers then filed a Rule 60(b) motion to reconsider that order, "claim[ing] to have uncovered new predicate acts that are 'of a different type' than those described in the complaint and dismissed by the court." Mem. Op. & Order of Dec. 8, 2021, at 2. Judge Dillon denied that request, specifically "find[ing] that the opposing parties will suffer unfair prejudice if this frivolous lawsuit is revived after the entry of judgment." *Id.* In May 2023, the Fourth Circuit issued a short per curiam opinion affirming the final judgment and challenged orders, including Judge Dillon's order denying Rivers's motion "to file a third amended complaint," ECF No. 594.

Rivers's Amended Complaint, ECF No. 3, reasserts the proposed RICO claims (as Count 1); three of the proposed conspiracy claims (as Count 2, Count 10 & Count 13); one proposed claim labeled "Respondent Superior" (as Count 7); and the proposed claim ostensibly alleging tortious business interference (as Count 14). Each *Bowman* Defendant is named to at least one of those claims. They argue that Judge Dillon's order and final judgment—which expressly denied Rivers's motion to file her proposed third amended complaint and dismissed her claims *with prejudice*—operates as an adjudication on the merits barring all claims asserted against them in the Amended Complaint. *See* Def. Bank of the James's Mot. to Dismiss 1–3, ECF No. 38; Defs.' Br. in Supp. 1–4, ECF No. 82. Rivers disagrees, asserting that her claims here are based on

"claims dismissed *without* prejudice" from her second amended complaint in *Bowman*, and that "there were no additional motions or pleadings filed by [Rivers] naming the[se] Defendants whatsoever." Pl.'s Br. in Opp'n 1–3 (emphasis added), ECF Nos. 100, 109.[8] Rivers is wrong on the last point—Judge Dillon denied Rivers's motion to amend with prejudice, and Rivers did name these defendants to specific claims in her proposed third amended complaint. Those are the claims that Judge Dillon dismissed "with prejudice" in September 2021. ECF No. 566.

"It is well settled that a dismissal with prejudice is an adjudication on the merits for [federal] res judicata purposes." *Hall v. Greystar Mgmt. Servs.*, L.P., 193 F. Supp. 3d 522, 529 (D. Md. 2016) (internal quotation marks omitted); *accord* R. & R. of Nov. 10, 2020, at 37–45 (applying Virginia law). The question here is whether, for purposes of applying res judicata in this case, Judge Dillon's order denying Rivers's motion to file her proposed third amended complaint in *Bowman*, with prejudice, was an adjudication on the merits of claims that Rivers raised (or could have raised) in that proposed pleading. *Cf. Angles v. Dollar Tree Stores, Inc.*, 494 F. App'x 326, 329 (4th Cir. 2012) ("[A]n amended complaint is not actually 'filed' until the court grants 'leave' for the amendment." (citing Fed. R. Civ. P. 15(a)(2)).

The Fourth Circuit has never addressed this question. However, "other circuits have uniformly found that res judicata applies in such a situation." *Arrigo v. Link*, 836 F.3d 787, 799 (7th Cir. 2016); *accord Save Bull Trout v. Williams*, 51 F.4th 1101, 1108 (9th Cir. 2022); *Christman v. Saint Lucie Cnty., Fla.*, 509 F. App'x 878, 879 (11th Cir. 2013) ("The denial of leave to amend the Christmans' prior complaint was an adjudication on the merits as to the

---

[8] Alternatively, Rivers asserts that her claims are "based on new circumstances and events which occurred after the Courts *dismissal without prejudice* and . . . the events could not have been added to any previous suit." Pl.'s Br. in Opp'n 3 (emphasis added). She does not suggest that any of her claims against the *Bowman* Defendants are based on events occurring after those claims were dismissed *with* prejudice in September 2021. *See id.* at 3–4.

proposed claims."); *Hatch v. Trial King Indus., Inc.*, 699 F.2d 38, 45–46 (1st Cir. 2012); *Huck v. Dawson*, 106 F.3d 45, 48–50 (3d Cir. 1997); *EFCO Corp. v. U.W. Marx, Inc.*, 124 F.3d 394, 399–400 (2d Cir. 1997); *King v. Hoover Grp., Inc.*, 958 F.2d 219, 222–23 (8th Cir. 1992) ("It is well settled that denial of leave to amend constitutes res judicata on the merits of the claims which were the subject of the proposed amended pleading."). "This is so even when denial of leave to amend is based on reasons other than on the merits, such as timeliness." *Prof'l Mgmt. Assocs., Inc. v. KPMG LLP*, 345 F.3d 1030, 1032–33 (8th Cir. 2003) (citing *N. Assur. Co. of Am. v. Square D Co.*, 201 F.3d 84, 88 (2d Cir. 2000)); *see, e.g.*, *Arrigo*, 836 F.3d at 797–800; *Hatch*, 699 F.3d at 47–48. Critically, denying leave to amend (for whatever reason) still gives plaintiffs a "full and fair" chance to litigate their proposed claims. *See, e.g.*, *Arrigo*, 836 F.3d at 799–800; *Huck*, 106 F.3d at 49. "Having brought suit, the plaintiff should be prepared to plead a valid claim, to persuade the court that amendment should be granted, to demonstrate valid reasons for dismissal without prejudice to a second action, or be barred." 18A C. Wright & A. Miller, *Federal Practice & Procedure* § 4439 (3d ed.) (footnotes omitted). When the plaintiff tries to amend her complaint, and that effort fails, her only recourse is to appeal the denial. *Arrigo*, 836 F.3d at 799; *Hatch*, 699 F.3d at 45. She cannot simply refile the same pleading as a new lawsuit. *Prof'l Mgmt. Assocs.*, 346 F.3d at 1032–33. "To rule otherwise would undermine the principles animating the doctrines of res judicata and claim splitting."[9] *Arrigo*, 836 F.3d at 800.

[9] "The rule against claim splitting is one of the principles of res judicata." *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 273 F. App'x 256, 264 (4th Cir. 2008). Like res judicata, the rule "prohibits a plaintiff from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action." *Id.* (quoting *Myers v. Colgate-Palmolive Co.*, 102 F. Supp. 2d 1208, 1224 (D. Kan. 2000)). Unlike res judicata, the rule against claim splitting does not require a final judgment on the merits in an earlier case. *Riggleman v. Clarke*, No. 7:22cv18, 2023 WL 2505490, at *3 (W.D. Va. Mar. 14, 2023) (citing *Sensormatic*, 273 F. App'x at 265). Instead, it stops a plaintiff who already has one suit "pending in federal court" from filing "another action 'on the same subject in the same court, against the same defendant at the same time.'" *Sensormatic*, 273 F. App'x 265 (quoting *Curtis v. Citibank, N.A.*, 266 F.3d 133, 139 (2d Cir. 2000)).

In *Bowman*, Judge Dillon denied leave to amend with prejudice because Rivers's proposed amendments were futile, Mem. Op. of Sept. 9, 2021, at 7–9 (citing Fed. R. Civ. P. 12(b)(6)), and "the defendants would be severely prejudiced if the court were to allow a third amended complaint in this matter," *id.* at 9. Having denied leave to amend, Judge Dillon entered final judgment dismissing Rivers's claims with prejudice. Order & Final J. ¶¶ 4, 9. Two months later, she denied Rivers's motion to reconsider. Rivers appealed all three orders, and the Fourth Circuit summarily affirmed. ECF No. 594. Allowing Rivers's "second lawsuit to proceed" against the *Bowman* defendants would undercut both Judge Dillon's decision denying "leave to amend to add these very claims" and the Fourth Circuit's ruling affirming that decision. *Arrigo*, 836 F.3d at 791. Accordingly, Rivers's claims against Bank of the James[10], Select Bank and Select Financial Corporation[11], J. Michael Thomas and Ronald Beach[12], and Peter Sackett and Sherri Sackett[13] should be dismissed with prejudice on res judicata grounds. *See* Am. Mem. Op. of Feb. 3, 2021, at 6–8.

*B. Claims against Luck Sackett & Walter Mason*

Luck Sackett and Walter Mason are defendants to **Count 1** (civil RICO), Am. Compl. ¶¶ 56–160; **Count 2** (RICO conspiracy), *id.* ¶¶ 161–255; and **Count 10** (civil conspiracy), *id.* ¶¶ 466–69. Mason is also a defendant to **Count 12** (RICO conspiracy), *id.* ¶¶ 498–557; **Count 13** (civil conspiracy), *id.* ¶¶ 558–61; and **Count 14** ("Tort[i]ous Business Interference VA Code §§ 18.2-499, 500"), *id.* ¶¶ 562–78. Both defendants argue that Rivers's claims against them are

[10] Count 2 (RICO conspiracy); Count7 ("Respondent Superior"); Counts 10 & 13 (civil conspiracy); and Count 14 ("Tort[i]ous Business Interference VA Code §§ 18.2-499, 500").

[11] Count 1 (civil RICO); Count 2, Count 7, Count 10, and Count 14.

[12] Count 1, Count 2,Count 10, Count 12 (RICO conspiracy), Count 13, and Count 14.

[13] Count 1, Count 2, Count 10, and Count 14.

barred by the applicable statute of limitations. *See* Defs.' Br. in Supp. 4–7; Defs.' Reply 5–6. Rivers did not respond to that argument, Defs.' Reply 5–6, arguably "waiv[ing] any opposition to the dismissal" of all six claims against these defendants, *Mtn. Land Props., Inc. v. Lovell*, 46 F. Supp. 3d 609, 621 (W.D.N.C. 2014). Instead, Rivers argues that "Rule 12(b)(6) does not apply" because "[e]ach paragraph naming the[se] Defendants in each Count states claims against the Defendants which relief can be granted and was pled." Pl.'s Br. in Opp'n 10–11. Other than cutting-and-pasting a few Counts' introductory paragraphs into her brief, however, she does not develop that argument. *See id.* 11–12 (Am. Compl. ¶¶ 57, 161, 431, 466, 558, 562).[14]

*1. Civil RICO Claims (Counts 1, 2 & 12)*

The civil RICO statute, 18 U.S.C. § 1964, includes a "private cause of action for '[a]ny person injured in his [or her] business or property by reason of a violation'" of 18 U.S.C. § 1962. *Hemi Grp. LLC v. City of N.Y.*, 559 U.S. 1, 6 (2010) (quoting 18 U.S.C. § 1964(c)); *see also* 18 U.S.C. § 1964(d) (making it "unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of th[at] section"). Under subsection (c), it is "unlawful for any person employed by or associated with any enterprise engaged in [or affecting] . . . interstate or foreign commerce[] to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." *Id.* § 1962(c). "'[R]acketeering activity' is defined to include several so-called predicate acts," *Hemi Grp.*, 559 U.S. at 6, covering "a variety of federal and state criminal offenses," like bribery, extortion, "mail fraud, wire fraud[,] and money laundering," *Sparrow v. Bank of Am. N.A.*, No. JFM-14-0388, 2014 WL 4388350, at *7 (D. Md. Sept. 4, 2014). *See generally* 18 U.S.C. § 1961(1)(A)–(B). "A pattern of

---

[14] Each paragraph "incorporates the facts, what when why and how alleged" in all preceding paragraphs. Am. Compl. ¶¶ 57, 161, 431, 562; *see also id.* ¶¶ 466, 558. None mention Luck or Mason by name. *See id.*

racketeering requires at least two predicate acts," *Al-Abood ex rel. Al-Abood v. El-Shamari*, 217 F.3d 225, 238 (4th Cir. 2000), that are "related" and "not isolated events," *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 240 (1989). "Private RICO suits are governed by a four-year statute of limitations, which runs from the date when the plaintiff discovered, or should have discovered, the injury." *Potomac Elec. Power Co. v. Elec. Motor & Supply, Inc*., 262 F.3d 260, 266 (4th Cir. 2001) (citing *Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 183 (1997); *Rotella v. Wood*, 528 U.S. 549, 555 (2000)).

On Count 1 (civil RICO) and Count 2 (RICO conspiracy), Rivers alleges that in 2007–2008, John Wynne stole assets belonging to Rivers and/or her closely held company, CVLR Performance Horses—specifically including "insurance proceeds" and a Ford F650 truck—and then gave Rivers's money to Peter Sackett as a "kick-back" for conducting a "sham foreclosure" on Karen Foster's home in 2008. Through 2009, Peter and Sherri Sackett spent those funds on themselves in an effort to hide the foreclosure. *See generally* Am. Compl. ¶¶ 57–63, 67–74, 94–98, 126–60, 161; *see also* R. & R. of Nov. 10, 2020, at 19–21 (summarizing the same allegations). Rivers alleges that the "injury" underlying these two RICO claims was "the loss of the value of her money," the insurance proceeds, and the F650 truck. Am. Compl. ¶ 160; *see also id.* ¶¶ 158, 254. The most recent predicate acts involving the Sacketts occurred on November 23, 2009—nearly thirteen years before Rivers filed this lawsuit. *See id.* ¶¶ 140, 167, 152. Mason's name comes up a few times in allegations describing events that occurred between April 26, 2007, and July 1, 2008. *See id.* ¶¶ 75, 78–79, 81, 217. In Count 12, Rivers alleges that Mason was part of a vast RICO conspiracy involving a "scam" closing on a riding center and the sales of several optioned lots. *See generally id.* ¶¶ 498–557. We know from Rivers's pleadings in

*Bowman* that those transactions took place between April 2007 and November 2011. *See* R. & R. of Nov. 10, 2020, at 12–19.

Defendants argue that RICO's four-year limitations period started to run in 2011, at the latest, and expired in 2015. Defs.' Br. in Supp. 5. Rivers did not challenge that legal argument, and her own allegations make clear that her RICO actions accrued more than four years before she filed this suit in June 2022. Accordingly, Count 1, Count 2, and Count 12 should be dismissed with prejudice as time-barred. *See, e.g.*, *Kimberlin v. Hunton & Williams, LLP*, No. 2016 WL 1270982, at *3–4 (D. Md. Mar. 29, 2016) (dismissing time-barred RICO claims under Rule 12(b)(6)).

*2. State Law Claims (Counts 10, 13 & 14*)

Count 10 asserts a Virginia common-law conspiracy claim against Luck and Mason based on the RICO allegations in Count 1 and Count 2. Am. Compl. ¶ 466. Count 13 asserts a Virginia common-law conspiracy claim against Mason based on the RICO allegations in Count 12. *Id.* ¶ 558. Defendants argue that these claims are governed by Virginia's two-year statute of limitations, but note that the applicable limitations period "could be argued to be as long as four years" considering the claims are based on alleged violations of the federal RICO Act. Defs.' Br. in Supp. 6. Either way, the limitations period for both common-law conspiracy claims started to run in 2011 and expired, at the latest, in 2015. *See id.* Rivers does not challenge this argument. Accordingly, Count 10 and Count 13 should be dismissed with prejudice as time-barred. *See, e.g.*, *Jones v. Shooshan*, 855 F. Supp. 2d 594, 602 (E.D. Va. 2012) (dismissing time-barred Virginia conspiracy claims under Rule 12(b)(6)).

*

Count 14 is labeled "Tort[i]ous Business Interference," but references two sections of Virginia's business conspiracy statute, Va. Code §§ 18.2-499, 500. "Section 18.2-44 imposes criminal liability [for] conspiracies to injure another in her business, while § 18.2-500 allows a civil cause of action and recovery of treble damages for a violation of § 18.2-499." *Hunter v. Holsinger*, No. 5:15cv43, 2016 WL 1169308, at *14 (W.D. Va. Feb. 19, 2016), *adopted*, 2016 WL 1223347 (W.D. Va. Mar. 24, 2016). "Because there can be no conspiracy to do an act that the law allows," the Virginia Supreme Court has "held that an allegation of conspiracy, whether criminal or civil, must at least allege an unlawful act or an unlawful purpose to survive demurrer." *Id.* "[T]ortious interference with business expectancy" is an "intentional tort[] predicated on the common law duty to refrain from interfering with another's contractual and business relationships." *Dunlap v. Cottman Transmission Sys.*, 754 S.E.2d 313, 319 (Va. 2014). When adequately alleged, that tort "constitute[s] the requisite 'unlawful act' to proceed on a business conspiracy claim under Code §§ 18.2-499 and -500." *Id.*; *see NorthStar Aviation, LLC v. Alberto*, 332 F. Supp. 3d 1007, 1019 (E.D. Va. 2018) (outlining pleading standard for tortious interference with a business expectancy). "[A] cause of action for conspiracy under [Va.] Code 18.2-500 accrues when one is injured in his business." *Eshbaugh v. Amoco Oil Co.*, 360 S.E.2d 350, 351 (Va. 1987) (cleaned up). Conspiracy claims based on tortious inference with business expectancy are governed by a five-year statute of limitations. *Dunlap*, 754 S.E.2d at 321 (citing Va. Code § 8.01-243(B)).

Defendants argue that the limitations period on Count 14 began to run in 2011, at the latest, meaning that the five-year limitations period expired in 2016. *See* Defs.' Br. in Supp. 7 & n.4. Rivers does not challenge this argument. Accordingly, Count 14 should be dismissed with prejudice as time-barred. *See, e.g.*, *Jones* 855 F. Supp. 2d at 602.

IV. Conclusion

For the foregoing reasons, I respectfully recommend that the presiding District Judge **GRANT** the Rule 12(b)(6) motions filed by Defendant Bank of the James, ECF No. 38, and by Defendants Select Bank, Select Bank Financial Corporation, J. Michael Thomas, Walter G. Mason, Robert Beach, Sherri Sackett, Peter Sackett, and Luck Sackett, ECF No. 81. Specifically: Rivers's claims against Bank of the James (Count 2, Count 7, Count 10, Count 13 & Count 14), Select Bank and Select Financial Corporation (Count 1, Count 2, Count 7, Count 10 & Count 14), J. Michael Thomas and Ronald Beach (Count 1, Count 2, Count 10, Count 12, Count 13 & Count 14), and Peter Sackett and Sherri Sackett (Count , Count 2, Count 10 & Count 14) should be **DISMISSED with prejudice** because they are clearly barred by res judicata.

Rivers's claims against Luck Sackett (Count 1, Count 2 & Count 10) and Walter Mason (Count 1, Count 2, Count 10, Count 12, Count 13 & Count 14) should be **DISMISSED with prejudice** because they are clearly barred by expired statutes of limitations.

**<u>Notice to Parties</u>**

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14 day period, the Clerk is directed to transmit the record in this matter to the Honorable Elizabeth K. Dillon, United States District Judge.

The Clerk shall send certified copies of this Report and Recommendation to Rivers and all counsel of record.

ENTER: August 17, 2023

Joel C. Hoppe
U.S. Magistrate Judge