IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | | |
|---|---|---|
| CRYSTAL VL RIVERS, | ) | |
|     Plaintiff, | ) | Civil Action No. 6:22-cv-00034 |
| | ) | |
| v. | ) | MEMORANDUM OPINION & ORDER |
| | ) | |
| JOHN WYNNE, et al., | ) | By:   Joel C. Hoppe |
|     Defendants. | ) | United States Magistrate Judge |

This matter is before the Court on a motion for sanctions filed by Defendant Sameer Patel, Esq.; Defendant Patel & Dalrymple, PLLC; and Defendant Anchor Title & Escrow, LLC (together, the "Patel Defendants"). Patel Defs.' R. 11 Mot., ECF No. 88 (citing Fed. R. Civ. P. 11(b)). The Patel Defendants seek sanctions against the pro se plaintiff, Crystal VL Rivers, for including them as parties to her Amended Complaint, ECF No. 3 (June 23, 2022), and for filing one motion seeking to disqualify attorney Christopher E. Miller, Esq., from representing the Patel Defendants in this action, ECF No. 72 (Sept. 28, 2022). *See* Defs.' R. 11 Mot. 2–3 (citing ECF Nos. 3, 72). Specifically, they ask the Court to find that the motion to disqualify defense counsel, ECF No. 72, violated Rule 11(b)(1)–(2) of the Federal Rules of Civil Procedure, and to order Rivers "to pay the Defendants' reasonable attorney's fees and costs." *Id.* at 4; *see* Fed. R. Civ. P. 11(c)(2). Rivers opposes the motion. ECF No. 125.

I. The Legal Framework

"Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Whenever an attorney or unrepresented party "present[s] to the court a pleading, written motion, or other paper[,] whether by signing, filing, submitting, or later advocating it," he

1

or she "certifies . . . to the best of the person's knowledge, information, or belief, formed after an inquiry reasonable under the circumstances" that the paper meets four substantive requirements:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a belief or a lack of information.

Fed. R. Civ. P. 11(b)(1)–(4); *see Tyler v. Cashflow Techs., Inc.*, No. 6:16cv38, 2016 WL 6548006, at *2 (W.D. Va. Nov. 3, 2016). In the Fourth Circuit, courts apply an "objective reasonableness" test to determine whether a paper violated Rule 11(b) at the time the signer presented it. *Guidry v. Clare*, 442 F. Supp. 2d 282, 288–89 (E.D. Va. 2006); *see In re Kunstler*, 914 F.2d 505, 514, 518–19 (4th Cir. 1990); *United States v. Henry*, No. 2:07cv342, 2017 WL 1065820, at *1 (E.D. Va. Mar. 20, 2017).

Subsection (b)(1) "focuses upon the improper" reason for presenting a paper, "objectively tested, rather than the consequences of the signer's act, subjectively viewed by the signer's opponent." *In re Kunstler*, 914 F.2d at 518 (quoting *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 832 (9th Cir. 1986)). "In other words, it is not enough that the injured party subjectively believes" the signer was trying to harass him or run up his legal bills by presenting the paper. *Id.* The "court must ignore evidence of the injured party's subjective beliefs and look for more objective evidence of the signer's purpose," knowledge, or beliefs, *id.* at 519, measured "under an objective standard of reasonableness," *id.* at 518. *See Coates v. United Parcel Servs., Inc.* 933 F. Supp. 497, 500 (D. Md. 1996). Gamesmanship, "[r]epeated filings, the outrageous nature of

claims made, or a signer's experience in a particular area of law, under which baseless claims have been made, are all appropriate indicators of an improper purpose" under Rule 11(b)(1). *In re Kunstler*, 914 F.2d at 519.

Subsections (b)(2) and (b)(3) require "that an unrepresented party or a represented party's attorney conduct a prefiling investigation of law and fact which is objectively reasonable under the circumstances." *Harmon v. O'Keefe*, 149 F.R.D. 114, 116 (E.D. Va. 1993) (citing *Brubaker v. City of Richmond*, 943 F.2d 1363, 1373 (4th Cir. 1991)); *see* Fed. R. Civ. P. 11(b). To be reasonable, a prefiling investigation must "uncover some information" and "some basis in law to support" the relief sought. *Brubaker*, 943 F.2d at 1373; *see* Fed. R. Civ. P. 7(b)(1)(B)–(C), 8(a)(2)–(3). Pro se "litigants are entitled to consideration of their non-lawyer status," *Weathers v. Ziko*, 113 F. Supp. 3d 830, 833 (M.D.N.C. 2015), in determining if their filings "demonstrate[] an effort to understand the law at issue and to seek out facts to support their claims, even if they were ultimately unsuccessful," *Johnson v. Lyddane*, 368 F. Supp. 2d 529, 532 (E.D. Va. 2005). "Whether a '[paper] has a foundation in fact or is well grounded in law will often influence the determination of the signer's purpose,' as addressed in Rule 11(b)(1)." *Rivers v. United States (Bowman)*, No. 6:18cv61, 2020 WL 4572698, at *2 (W.D. Va. Aug. 7, 2020) (quoting *In re Kunstler*, 914 F.2d at 518).

A motion for sanctions "must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). The moving party bears the burden to show both that the violation occurred and that its requested sanction(s) is warranted under the circumstances. *See Henry*, 2017 WL 1065820, at *1. "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction" on the responsible party. Fed. R. Civ. P. 11(c)(1). Any sanction "must be limited to

3

what suffices to deter" similar litigation misconduct by that party and "others similarly situated." *Id.*; *see In re Kunstler*, 914 F.2d at 514, 522 ("[T]he primary, or 'first' purpose of Rule 11 is to deter future litigation abuse."). The court enjoys broad discretion both in determining whether a filing violated Rule 11(b) and in crafting any appropriate sanction. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990).

## II. Background & Procedural History

The Patel Defendants assert that Rivers's pro se motion to disqualify defense counsel, ECF No. 72, violated Rule 11(b)(1) and/or (b)(2). *See generally* Patel Defs.' R. 11 Mot. 1–4.[1] Rivers filed her amended complaint in June 2022. ECF No. 3. That September, she sought to disqualify three defense attorneys (and their respective law firms) who had entered appearances in this multi-defendant case. ECF No. 72 (Sept. 28, 2022).[2] Rivers alleged that these attorneys and the law firms that employed them—Chad Mooney, Esq., of Petty Livingston Dawson & Richards; John Benjamin Rottenborn, Esq., of Woods Rogers PLC; and Christopher Miller, Esq.,

---

[1] They also take issue with Rivers's decision to file an Amended Complaint, ECF No. 3 (June 23, 2022), asserting "meritless" claims against them, but their motion does not explain *why* this specific conduct allegedly violated Rule 11(b)(1) or (b)(2). *See* Patel Defs.' R. 11 Mot. 2 (asserting only that Rivers's "latest Amended Complaint marks the third time . . . [she] has filed a meritless action against" them, and that her pending "claims against the Patel Defendants are barred [by] the doctrines of claim[] preclusion and issue preclusion" under Virginia law "because her "previous filings were dismissed with prejudice" (emphasis omitted)); *accord* R. & R. of Aug. 24, 2023, at 8 (noting the Patel Defendants also failed to develop the same res judicata argument in their Rule 12(b)(6) motions to dismiss, and instead argued that Rivers's factual allegations failed to state a plausible claim for relief against them), ECF No. 139, *adopted*, Order of Sept. 20, 2023, ECF No. 147. Accordingly, I consider only whether the Patel Defendants have shown either that Rivers moved to disqualify Mr. Miller, ECF No. 72, for an "improper purpose," Fed. R. Civ. R. 11(b)(1), and/or that the specific legal arguments they describe in their motion for sanctions violated Rule 11(b)(2). *See* Patel Defs.' R. 11 Mot. 1–4.

[2] Rivers's motion was styled "Motion to Disqualify Attorney(s), Motion for Extension to Serve Defendant Richard Livingston at Residence[,] Motion for Extension to File Responses." *Id.* at 1. I declined to rule on her request for more time to serve Richard Livingston under Rule 4(m) of the Federal Rules Procedure because it was not related to her motion to disqualify defense counsel. Order of Oct. 26, 2022, at 1 n.1 ("The Court has explained to Rivers many times that she cannot file 'combined' motions seeking different kinds of relief that are not related to each other."), ECF No. 103.

of Patel & Dalrymple—each had a "conflict of interest" stemming from varied circumstances, including the events at issue in her Amended Complaint. *See* Order of Oct. 26, 2022, at 1. She based the purported conflicts on vague, speculative assertions that: (i) these attorneys and their firms had "gained a profit from any defendant in this matter"; (ii) the attorneys and their firm's files would be "subject to discovery and testimony"; (iii) the attorneys or firms had a financial interest in the entities or events at issue; and/or (iv) the attorneys were friends, colleagues, or employees of the clients they now represented against Rivers's claims. *Id.*; *see* Pl.'s Mot to Disqual. Defs.' Att'ys ¶¶ 3–10; *accord Rivers v. United States*, No. 6:18cv61, 2020 WL 1480834, at *1–3 (W.D. Va. Feb. 26, 2020) (denying Rivers's motion to disqualify eight defense counsel in a prior case and explaining why the same "vague" and "speculative" allegations failed to show a recognized conflict of interest under Virginia Rules of Professional Conduct 1.7, 1.8, 1.9, 1.10, or 3.7).

      Mr. Miller's purported conflict was based on his status as an "attorney and associate of [the Patel] Defendants," plus Rivers's assertion that Mr. Miller "derived a profit from the income obtained by the Defendants in matters relating to the circumstances surrounding the sale of the land under cloud and described fully in the Amended Complaint." Pl.'s Mot. Disqual. Defs.' Att'ys ¶ 9; *see* Am. Compl. ¶¶ 533, 536–37, 545–47 (describing the Patel Defendants' alleged role in a May 2019 real-estate transaction). She also claimed that Patel & Dalrymple's "firm[] records are subject to discovery and [Mr.] Miller is subject to testimony" in this matter. Pl.'s Mot. Disqual. Defs.' Att'ys ¶ 9. Rivers did not cite any specific "Rules of Professional Conduct prohibit[ing] a lawyer from representing a party when he or she has a conflict of interest." *Id.* ¶ 10; *see Rivers* 2020 WL 1480834, at *1–3 (discussing Virginia Rules of Professional Conduct 1.7, 1.8, 1.9, 1.10, and 3.7). The Patel Defendants did not file a brief opposing Rivers's motion to

5

disqualify Mr. Miller within the fourteen days allowed by local rule. W.D. Va. Civ. R. 11(c)(1); *see* Patel Defs.' Mots. Extend Time to Respond 2 (conceding the same), ECF Nos. 96, 97, 98 (filed Oct. 21, 2022).

The Patel Defendants filed this Rule 11 motion on October 18, 2022, ECF No. 88, followed a few days later by three separate requests for more time to respond to Rivers's disqualification motion after the time for doing so expired, ECF Nos. 97–98 (citing Fed. R. Civ. P. 6(b)(1)(B)). On October 26, 2022, I issued a short order denying Rivers's motion to disqualify all three attorneys as frivolous. ECF No. 103. "Rivers [had] raised the same arguments in her motions to disqualify [eight] defense attorneys, including Mr. Mooney, in prior litigation against many of the same defendants" she was suing in this case. Order of Oct. 26, 2022, at 2 (citing *Rivers*, 2020 WL 1480834, at *1–3). I rejected Rivers's newest motion, ECF No. 72, "for the same reasons as stated in [my] prior Order denying Rivers's motions to disqualify opposing counsel" in the earlier litigation. Order of Oct. 26, 2022, at 2 (citing *Rivers*, 2020 WL 1480834, at *1–3). Having denied Rivers's motion to disqualify Mr. Miller from representing the Patel Defendants in this case, I denied their motion for extension of time as moot. *Id.*

### III. Discussion

From the Patel Defendants' perspective, Rivers's "Motion appear[ed] to argue that an attorney representing their own firm creates a conflict of interest" under Virginia's Rules of Professional Conduct. *See* Patel Defs.' R. 11 Mot. 2–3 (citing Va. R. Prof'l Conduct 1.8, 3.7). They contend Rivers's argument violated Rule 11(b)(1)–(2) in two different ways. *See id.*; Fed. R. Civ. P. 11(c)(2). First, that she "attempt[ed] to advance [an] entirely novel" argument for extending Virginia Rule 1.8(j)–(k) to ordinary attorney-client transactions. *See* Patel Defs.' R. 11 Mot. 2–3 (citing Va. R. Prof'l Conduct 1.8(k)). Virginia Rule 1.8(j) states that "[a] lawyer shall

6

not acquire a propriety interest *in the cause of action or subject matter of litigation* the lawyer is conducting for a client, except that the lawyer may" legally contract or take other lawful action to "secure the lawyer's fee or expenses." Va. R. Prof'l Conduct 1.8(j) (emphasis added); *see* Patel Defs.' R. 11 Mot. 2 (noting the same). Subsection (k) simply extends this prohibition to "lawyers [who] are associated in a firm," Va. R. Prof'l Conduct 1.8(k), while the law firm is handling litigation for a client. *See* Patel Defs.' R. 11 Mot. 2–3 (citing R. 1.8(k)).

To the Patel Defendants, Rivers's motion to disqualify Mr. Miller's representation was really an "attempt[] to advance the entirely novel legal concept that receiving a fee from a client for work performed is the same as acquiring a proprietary interest in a cause of action." *Id.* (citing Va. R. Prof'l Conduct 1.8(k)). Not only is that contention unsupported by existing law, *see* Fed. R. Civ. P. 11(b)(2), it "flouts all common sense, and even basic common knowledge regarding the legal profession"—most notably "the fact that attorneys are paid to represent clients in litigation," Patel Defs.' R. 11 Mot. 3 ("It strains credulity and all reason that Plaintiff is making a good faith claim to the contrary."). From the Patel Defendants' perspective, "[i]t is hard to conceive of any purpose for [Rivers's motion] except to harass, delay, and increase [their] costs." Patel Defs.' R. 11 Mot. 2 (citing Fed. R. Civ. P. 11(b)(1)).

Second, the Patel Defendants take issue with Rivers's claims that "'Miller derived a profit form the income obtained by the Defendants in matters relating to the circumstances described fully in the Amended Complaint [and that] Miller is subject to testimony.'" *Id.* (quoting Pl.'s Mot. Disqual. Defs.' Att'ys ¶ 9) (ellipses omitted). They readily concede that Virginia Rule 3.7 "prohibits an attorney from acting as 'an advocate in an adversarial proceeding in which the lawyer is likely to be a necessary witness.'" *Id.* at 3 (citing Va. R. Prof'l Conduct 3.7(a)). They assert "it strains credulity that an attorney who joined a firm in April of 2022 could

7

be a necessary witness regarding events that took place in 2019." *Id.* The Patel Defendants do not suggest that Rivers knew, or should have known, that Mr. Miller only joined Patel & Dalrymple in April 2022. *See id.* Nonetheless, they are correct that Virginia Rule 3.7 generally "allows for adversarial representation where . . . 'another lawyer in the lawyer's firm is likely to be called as witness.'" *Id.* (quoting Va. R. Prof'l Conduct 3.7(c)). To them, Rivers's "only conceivable motivation" for filing such a "frivolous" motion to disqualify Mr. Miller was to "harass" them and "force" the law-firm defendants "to incur the delay and costs associated with hiring outside counsel." *Id.* (citing Fed. R. Civ. P. 11(b)(1)).

\*

I share the Patel Defendants' concern that Rivers improperly tried to disqualify Mr. Miller from representing them in this case. *See generally* Order of Oct. 26, 2022, at 1–2; *Rivers*, 2020 WL 1480834, at \*1–3. Based on the arguments and record before the Court, however, I am constrained to conclude the Patel Defendants have not shown that the "specific conduct" they describe, Fed. R. Civ. P. 11(c)(2), violated Rule 11(b)(1) or (b)(2). First, the Patel Defendants read far too much into Rivers's bare-bones filing. *See Henry*, 2017 WL 1065820, at \*1. The motion was frivolous because it repeated the same vague, speculative allegations describing purported conflicts of interest after this Court explained in detail why those same allegations did not show any conflict of interest recognized by Virginia Rules 1.7, 1.8, 1.9, 1.10, or 3.7. *See* Order of Oct. 26, 2022, at 2 (citing *Rivers*, 2020 WL 1480834, at \*1–3). But, Rivers was not using it "to advance the entirely novel legal concept that receiving a fee from a client for work performed is the same as acquiring a propriety interest in a cause of action" under Virginia Rule 1.8(j)–(k). Patel Defs.' R. 11 Mot. 2–3 (citing Fed. R. Civ. P. 11(b)(2)). Accordingly, the Patel Defendants have not shown Rivers's motion violated Rule 11(b)(2) in this specific respect.

8

Before Rivers filed her motion, ECF No. 72, she was on notice that "Virginia's rules do not prohibit" Mr. Miller from representing the Patel Defendants in this case "simply because" he knows or works with them. *Rivers*, 2020 WL 1480834, at *3 (citing Va. R. Prof'l Conduct 1.8, 3.7(c)). She also could have easily discovered that Rule 3.7(a) applies only where "the lawyer is *likely* to be a *necessary* witness" to a contested issue. Va. R. Prof'l Conduct 3.7(a) (emphasis added). Contrary to the Patel Defendants' suggestion, however, there does not appear to be any reason why Rivers should have known that Mr. Miller joined Patel & Dalrymple in April 2022, and therefore that he could not possibly "be a necessary witness regarding events that took place in 2019." Patel Defs.' Rule 11 Mot. 3. Accordingly, they have not shown that Rivers' motion violated Rule 11(b)(2) in this specific respect.

Finally, the Patel Defendants' Rule 11(b)(1) argument relies entirely on their subjective beliefs that River's "only conceivable motivation" for trying to disqualify Mr. Miller was to "'harass, cause unnecessary delay, or needlessly increase the cost of litigation.'" Patel Defs.' Rule 11 Mot. 3 (quoting Fed. R. Civ. P. 11(b)(1)); *see also id.* at 2 ("It is hard to conceive of any purpose for [Rivers's motion] except to harass, delay, and increase costs for the Defendants."). Based on the limited record before the Court, I find that the Patel Defendants have failed to show Rivers's motion, ECF No. 72, violated Rule 11(b)(1) of the Federal Rules of Civil Procedure.

## IV. Conclusion

For the foregoing reasons, the Patel Defendants' Motion for Rule 11 Sanctions against pro se Plaintiff Crystal Rivers, ECF No. 88, is hereby **DENIED**.

The Clerk shall send certified copies of this Memorandum Opinion & Order to Rivers and all counsel of record.

ENTER: September 30, 2023

9

Joel C. Hoppe
U.S. Magistrate Judge

10