CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
5/2/2025
LAURA A. AUSTIN, CLERK
BY: s/ CARMEN AMOS
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | | |
|---|---|---|
| CRYSTAL VL RIVERS,<br>Plaintiff, | ) | Civil Action No. 6:22-cv-00034 |
| v. | ) | REPORT & RECOMMENDATION |
| JOHN WYNNE, et al.,<br>Defendants. | ) | By: Joel C. Hoppe<br>United States Magistrate Judge |

This matter is before the Court by referral under 28 U.S.C. § 636(b)(1)(B), ECF No. 2, and further to its Order of July 14, 2022, directing pro se Plaintiff Crystal Rivers to show cause under Rule 11(c)(3) of the Federal Rules of Civil Procedure, ECF No. 4. *See generally* Show Cause Order 1–11. Rivers filed this action on June 9, 2022.[1] Compl. ECF No. 1. Her operative Amended Complaint, ECF No. 3, is 115 pages long excluding attached exhibits, names thirty-five individuals, banks, and law firms as defendants, and contains thirteen counts[2] asserting claims under the federal RICO Act, 18 U.S.C. § 1962, as well as for breach of contract, civil conspiracy, fraudulent conveyance, common-law fraud, and tortious business interference under Virginia law. *See generally* Am. Compl. 3–115, ¶¶ 6–578. Rivers has already litigated many of her convoluted claims—all based on essentially the same transaction or series of transactions—against most of the defendants named in her Amended Complaint. *See* Show Cause Order 1, 6–7.

## I. Background

In July 2022, I concluded that Count Three, Count Five, Count Six, Count Ten, Count Thirteen, and Count Fourteen asserted causes of action against seven named defendants that were "essentially the same" as claims Rivers pled against these same individuals and entities in *Rivers*

[1] Rivers paid the $402 filing fee on the same date. She is not proceeding *in forma pauperis* under 28 U.S.C. § 1915.

[2] Rivers labeled these Counts 1–8 and 10–14. There is no Count 9. I use her original numbering.

*v. Sanzone*, No. CL-15-525 (Lynchburg Cir. Ct.) and/or in *Rivers v. United States (Bowman)*, No. 6:18cv61 (W.D. Va.).[3] Show Cause Order 6; *see id.* at 10–11 (Attachment A). The various claims reasserted against Shanna Lester, S&R Farm, BBoyz, Inc., Ralph Beck, Old Dominion National Bank, and Kelly Potter, were all adjudicated on the merits by a Virginia circuit court in *Sanzone* in 2016, and then dismissed with prejudice on res judicata grounds by this Court in 2021. *See id.* at 1–2 & n.3, 6–7 (citations omitted). The fraudulent conveyance claim reasserted against Mark Merrill was dismissed with prejudice and without leave to amend by this Court in 2021 "because Rivers repeatedly failed to comply with a court order directing her to cure specific pleading defects." *Id.* at 6; *see id.* at 7–9. "It is well settled that a dismissal with prejudice is an adjudication on the merits for [federal] res judicata purposes." *Id.* at 6 (quoting *Hall v. Greystar Mgmt. Servs., L.P.*, 193 F. Supp. 3d 522, 529 (D. Md. 2016). Thus, res judicata "clearly barred" Rivers's right to raise these claims in the Amended Complaint filed on June 23, 2022. *Id.* at 6; *see generally id.* at 1–3 & n.3, 5–8 (explaining the same).

On July 14, I issued an order directing Rivers to show cause "why she has not violated Rule 11(b)(1)–(2) of the Federal Rules of Civil Procedure by signing and filing an Amended Complaint that reasserts the same claims, against the same defendants, that were dismissed with prejudice in *Rivers v. United States (Bowman)*, No. 6:18cv61 (W.D. Va. Sept. 9, 2021); and/or in *Rivers v. Sanzone*, No. CL-15-525 (Lynchburg Cir. Ct. Aug. 2, 2016)." Show Cause Order 8 (citing Attachment A, *id.* at 10–11). In doing so, I explained what Rule 11(b)(1)–(4) requires, *id.*

[3] Those named defendants are: Shana Lester, S&R Farm, BBoyz, Inc., Ralph Beck, Old Dominion National Bank, Mark Merrill, and Kelly Potter. *See* Show Cause Order 1–2, 10–11. The similarities between Rivers's Amended Complaint in this case and her operative pleadings in *Rivers (Bowman)* and *Sanzone* are obvious. *See id.* at 1–2 n.2. For an in-depth discussion of those pleadings and the resulting judgments, see *Rivers v. United States*, No. 6:18cv61, 2020 WL 66036457, at *1–2, *5–12, *17–26, *28–29 (W.D. Va. Nov. 10, 2020) (Hoppe, M.J.), *adopted in relevant part sub nom. Rivers v. Bowman*, 2021 WL 371692, at *1–2, *4 (W.D. Va. Feb. 3, 2021) (Dillon, J.).

at 3–5, and why a pro se plaintiff's decision to replead claims which she knows the court has dismissed with prejudice can be a basis for finding that she violated Rule 11(b)(1) or (b)(2), *see id.* at 2–3, 5 (collecting cases). I also explained that Rivers likely violated Rule 11(b)(1) and (b)(2) by refiling each Count against each defendant listed in Attachment A because Rivers had "been told numerous times and in no uncertain terms" that the law does not allow her to do so.[4] *Id.* at 6 (quoting *Thurston v. Melton*, No. 3:07cv36, 2008 WL 376260, at *3 (W.D. Va. Feb. 11, 2008) (Moon, J.) (finding that pro se plaintiff violated Rule 11(b)(1) and (b)(2) by refiling legally barred claims "with full knowledge of the[] clear and abundant signs that the law does not permit the Court to grant relief on his claims"). *See generally id.* at 2–3, 5–8 (discussing cases finding the same). Most significantly, Rivers knew that every Count listed on Attachment A had been dismissed *with* prejudice and *without* leave to amend. *See id.* at 5–7. "There is no good faith basis for repleading counts as to which leave to amend has not been granted." *Id.* at 7–8 (quoting *Aggarwal v. Sikka*, No. 1:12cv60, 2012 WL 12870353, at *2 (E.D. Va. Aug. 10, 2012)).

I gave Rivers twenty-one (21) days to file a written response "stating why the Counts against [the] seven (7) named defendants in Attachment A should not be stricken and dismissed with prejudice for abuse of the judicial process."[5] Show Cause Order 8 (emphasis omitted). I

---

[4] Because Rivers is not an attorney, I chose to list only those Counts that indisputably reassert a claim or cause of action against the named defendant that was *actually* presented and dismissed *with* prejudice by a final judgment in *Rivers (Bowman)* and/or *Sanzone*. *See* Show Cause Order 10–11. Attachment A does not include any newly-asserted claim or cause of action that Rivers "could have" brought in one of those lawsuits, or any reasserted claim that this Court dismissed *without* prejudice as to certain defendants in *Rivers (Bowman)*. *See id.* at 6 n.4.

[5] The Show Cause Order did not toll Rivers's deadline to properly serve each putative defendant with a summons and copy of her Amended Complaint in accordance with Rule 4 of the Federal Rues of Civil Procedure. *See* Show Cause Order 2–3, 9. If necessary, however, I would enter a separate order holding in abeyance any properly served defendant's obligation to file a response pleading or dispositive motion pending resolution of the matters raised in the Show Cause Order. *Id.* (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). On September 7–8, 2022, Rivers filed affidavits suggesting that each named defendant listed in Attachment A had been served with a summons in this case. *See* Order of Sept. 13, 2022, ECF No. 21. I promptly stayed the time within which those defendants must answer or otherwise

also "caution[ed] Rivers that conclusory statements about 'newly discovered evidence having been obtained' or 'new circumstances' having arisen since those judgments were entered as to these defendants will not satisfy Rule 11(b)." *Id.* (cleaned up) (quoting Am. Compl. ¶¶ 54–55). This warning was necessary because Rivers usually did not "take the preliminary steps to assemble a comprehensible claim" or argument. *See id.* (quoting *Rivers v. Bowman*, No. 6:18cv61, 2021 WL 4143752, at *9 (W.D. Va. Sept. 9, 2021) (Dillon, J.)) (other quotation marks omitted); *cf. Rivers v. Bowman*, No. 6:18cv61, 2020 WL 7123169, at *1–2 (W.D. Va. Dec. 4, 2020) (Dillon, J.) (noting that Rivers "deluge[d] the court" with repetitive filings that were difficult to decipher, and enjoining her "from filing any further pleadings, motions, or any other papers (however labeled) in this lawsuit").

The matter is now before me on Rivers's response to the Show Cause Order. Pl.'s Resp. 2–13, ECF No. 7. It is conclusory and generally does not address the Order's specific reasons why Rivers likely violated Rule 11(b)(1) and (b)(2) by signing and filing an Amended Complaint that reasserts the same clams, against the same defendants, that were dismissed with prejudice by final judgments in *Rivers v. United States (Bowman*), No. 6:18cv61 (W.D. Va. Sept. 9, 2021); and/or in *Rivers v. Sanzone*, No. CL-15-525 (Lynchburg Cir. Ct. Aug. 2, 2016). *See, e.g.*, Pl.'s Resp. 1–4, 8–10 , 12–13.

## II. Discussion

### *A. Rivers's Response*

---

respond under Rule 12(a) until the matters raised in the Show Cause Order are resolved. *See id.* Those defendants have not been required to take any action in this lawsuit. *See id.* I also stayed all discovery "until the presiding District Judge determines which of Rivers's claims, if any, survive dismissal under Rule 11(c)(4) and/or Rule 12(b) of the Federal Rules of Civil Procedure." Order of Oct. 19, 2022, at 3, ECF No. 91. Judge Dillon has now dismissed all claims against all named defendants *except* those listed in Attachment A to the Show Cause Order. *See generally* ECF Nos. 141, 143, 144, 145, 147, 148, 156; *see also* Order of Sept. 25, 2023, ECF No. 151.

Rivers "strongly disagrees" with my conclusion that the claims listed in Attachment A were clearly barred by res judicata when she signed and filed her Amended Complaint in June 2022. *Id.* at 2. She believes that "res judicata is not relevant in this matter." *Id.* at 2; *see generally id.* at 2–3, 5–8. From Rivers's perspective, "[t]he claims against the seven defendants are *not 'reasserted'* as the Court suggests . . . . because the claims filed previously under a separate set [sic] of circumstances and events" than those alleged in her Amended Complaint. *See id.* at 9 (emphasis added). She maintains that Attachment A lists only "newly" asserted claims that are "based on *new* circumstances and events which occurred *after* the Courts [sic] dismissal with prejudice of the listed defendants." *Id.* at 2 (emphasis added); *see also id.* at 4, 9–10 (alleging the same). She does not elaborate on either point. *See generally id.* at 2–4, 9–10.[6] Rivers also makes some vague and conclusory statements suggesting that these claims were "dismissed *without* prejudice" in *Rivers*, No. 6:18cv61 (W.D. Va.), and that res judicata does not bar her claims against the seven defendants listed in Attachment A because "new parties have been added" to this lawsuit. *Id.* at 2 (emphasis added); *see generally id.* at 2–4, 9. Finally, Rivers "stands by her claims" and insists that she filed them in "good faith." *Id.* at 12. She "believes that *if* a mistake was made," then "it was not intentionally meant as an abuse of her right to file and amend her claims against the seven defendants." *Id.* (emphasis added). Rivers's response does not describe what effort, if any, she made to uncover "some basis in law to support the claims," *Brubaker v.*

---

[6] Rivers also suggests that this Court lacked "jurisdiction to make a determination of res judicata" while her appeal from portions of Judge Dillon's final judgment in *Rivers* was pending before the Fourth Circuit. Pl.'s Resp. 9–10. My Show Cause Order acknowledged the pending appeal, but explained that "[t]he judgment is final for res judicata purposes' . . . because no party has 'obtaine[d] a stay from either the rendering or enforcing court.'" Show Cause Order 2 n.3 (quoting *Belmont Partners*, 741 F. Supp. at 750 n.5).

*City of Richmond*, 943 F.2d 1363, 1373 (4th Cir. 1991), listed in Attachment A. *See generally* Pl.'s Resp. 2–12.

*B. Analysis*

"In the Fourth Circuit, courts apply an 'objective reasonableness' test to determine whether a pleading violated Rule 11(b) at the time the signer filed it." *Rivers v. United States*, No. 6:18cv61, 2020 WL 4572689, at *2 (W.D. Va. Aug. 7, 2020) (quoting *Guirdy v. Clare*, 442 F. Supp. 2d 282, 288–89 (E.D. Va. 2006)); *see In re Kunstler*, 914 F.2d 505, 514, 518–19 (4th Cir. 1990). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any . . . party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). "A sanction imposed under the rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Sanctions imposed on the court's own initiative "may include nonmonetary directives" or "an order to pay a penalty into court." *Id.*; *see, e.g.*, *Sanders v. Farina*, 197 F. Supp. 3d 892, 901–04 (E.D. Va. 2016) (ordering pro se party to pay a $500 penalty into court and imposing a prefiling injunction); *Thurston*, 2008 WL 376260, at *3 (same); *Lee v. Mullin*, No. 3:99cv180, 1999 WL 1529609, at *1, 6 (W.D.N.C. Dec.13, 1999) (same). They do not include shifting attorney's fees. *See* Fed. R. Civ. P. 11(c)(4).

*

Attachment A lists the Counts against seven named defendants in Rivers's operative Amended Complaint that meet *both* of these criteria: (1) Rivers actually presented "essentially the same" claim, based on the same transaction or series of transactions, against the same named defendant in *Sanzone* and/or in *Rivers*; and (2) the prior claim was dismissed *with prejudice* as to

that defendant by a final judgment entered in either action. Show Cause Order 6–7 (quotation marks omitted); *see generally id.* at 5–8, 10–11. Rivers's vague, self-serving insistence that her Amended Complaint contains "new" claims "based on new circumstances," Pl.'s Resp. 2; *see also id.* at 4, does not satisfy her burden to show that this pleading did not violate Rule 11(b). Show Cause Order 8; *cf. Griffin v. Areva, Inc.*, No. 6:16cv29, 2017 WL 121073, at *1 (W.D. Va. Jan. 12, 2017) (Moon, J.) (awarding attorney's fees under Rule 11 where pro se plaintiff's conclusory "objections continue[d] a pattern of obstinate refusal to acknowledge that she, and she alone, is responsible for her current predicament by engaging in bad faith and frivolous litigation"). Her conclusory assertions that she has the "right" to litigate these claims, *see, e.g.*, Pl.'s Resp. 3, 8, 12, also fail. *Cf. Harr v. Broadhead*, No. 1:16cv304, 2016 WL 8653494, at *2 (M.D.N.C. June 30, 2016) (rejecting pro se plaintiff's "repeated" assertions "that he is entitled to sue the Duke Defendants again because his first lawsuit was dismissed in error," and imposing sanctions for violating Rule 11(b)(1)–(2)).

Rivers's position "that she filed her claims [in] good faith" and that, "if a mistake was made," she did not intend to abuse the judicial process is not persuasive. Pl.'s Resp. 12. "The court does not doubt the sincerity of Rivers' convictions. Yet, Rivers' subjective belief in the cause of her lawsuit does not distract from the objective reality," *Rivers v. Bowman*, No. 6:18cv61, 2020 WL 7123169, at *2 (W.D. Va. Dec. 4, 2020) (Dillon, J.). Rivers knew when she filed her Amended Complaint that every Count listed on Attachment A had been dismissed with prejudice and that she "cannot plead herself around this insuperable bar against [those] claims." *Rivers*, 2021 WL 4143752, at *4 (Dillon, J.). She repleaded them anyway. Her decision to do so violated Rule 11(b)(1) and (b)(2). *See, e.g.*, *Harr*, 2016 WL 8653494, at *1–2 (finding the same

where pro se plaintiff refiled claims barred by res judicata); *Thurston*, 2008 WL 376260, at *3 (same). Accordingly, the Court may sanction Rivers under Rule 11(c).

Rule 11 sanctions exist primarily "to deter future litigation abuses." *Kunstler*, 914 F.2d at 522. In the Show Cause Order, I proposed that the Counts against the seven named defendants listed in Attachment A be stricken from the Amended Complaint and dismissed with prejudice without requiring any of those defendants to plead or otherwise defend. *See* Show Cause Order 8–9 (citing *Harr*, 2016 WL 8653494, at *2–3). This very modest sanction is narrowly tailored to Rivers's abuse of the judicial process in this case and does not impair Rivers's ability to litigate her numerous claims against defendants who are not listed in Attachment A. *See, e.g.*, *Ballentine v. Taco Bell Corp.*, 135 F.R.D. 117, 118 (E.D.N.C. 1991) (finding that pro se plaintiff violated Rule 11(b)(1) by asserting claims against individual defendant and dismissing those claims with prejudice, but allowing plaintiff's action to proceed against the corporate defendant). Indeed, Judge Dillon has now dismissed *all* of those claims after extensive motions practice. *See generally* ECF Nos. 141, 143, 144, 145, 147, 148, 156; *see also* Order of Sept. 25, 2023, ECF No. 151. Only Rivers's claims against the seven named defendants listed in Attachment A are left to be resolved.

## III. Conclusion

Attachment A to this Court's Show Cause Order, ECF No. 4, at 10–11, lists specific claims for relief (Counts) against a defendant named in Rivers's Amended Complaint, ECF No. 3, that were clearly barred as res judicata when Rivers filed the pleading in June 2022. For the reasons explained above, I respectfully recommend the presiding District Judge **FIND** that Rivers violated Rule 11(b)(1) and (b)(2) by including those Counts in her Amended Complaint

and **DISMISS** those Counts **WITH PREJUDICE** as to the named defendant under Rule 11(c). If accepted, such dismissal order will resolve all remaining claims against all named defendants.

**Notice to Parties**

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14 day period, the Clerk is directed to transmit the record in this matter to the presiding District Judge.

The Clerk shall deliver a copy of this Report & Recommendation to the parties.

ENTER: May 2, 2025



Joel C. Hoppe
U.S. Magistrate Judge